**Opinion issued December 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00351-CV

———————————

**JAMES W. PAULSEN, Appellant / Cross-Appellee**

**v.**

**ELLEN A. YARRELL, Appellee / Cross-Appellant**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1037908**

---

## O P I N I O N

Law professor James W. Paulsen sued attorney Ellen Yarrell for defamation and other causes of action. Pursuant to Chapter 27 of the Civil Practice and Remedies Code—the Texas Citizens Participation Act (TCPA)—Yarrell moved to

dismiss one of Paulsen's defamation claims. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. Paulsen responded with his own TCPA motion to dismiss Yarrell's motion to dismiss.

The trial court granted summary judgment dismissing the defamation claim, while denying Yarrell's TCPA motion. The court also granted Paulsen's motion, but it declined to award attorney's fees. Both parties appealed from the trial court's interlocutory orders: Paulsen appealed the trial court's denial of attorney's fees, and Yarrell appealed the trial court's order denying her TCPA motion.

Pursuant to the recent amendments to the TCPA and the statute authorizing interlocutory appeals, we conclude there is no right to an interlocutory appeal from an order denying a request for attorney's fees under the TCPA. Accordingly, we dismiss Paulsen's appeal for want of jurisdiction. And because Yarrell's motion to dismiss was not timely filed, we affirm the trial court's order denying her motion.

### Background

James W. Paulsen, a law professor at South Texas College of Law, sued Ellen A. Yarrell, a family-law attorney, asserting claims relating to statements she made after Paulsen, claiming to act as an amicus curiae, submitted a letter to the trial judge presiding over a court proceeding in which Yarrell represented a party. In his original petition, Paulsen alleged causes of action for tortious interference with a contract and for defamation arising from a letter Yarrell sent on

October 3, 2012 to his employer, his colleague, and the Office of the Chief Disciplinary Counsel of the State Bar of Texas. Paulsen amended his petition three times.

Meanwhile, Yarrell moved for summary judgment as to Paulsen's tortious interference and defamation claims, and the trial court granted partial summary judgment in her favor. About a month later, on February 27, 2014, Paulsen served his third amended petition, in which he again alleged defamation, dividing his claims into two separate counts. The first count reasserted the allegations about the October 3 letter. The second count alleged that on October 4, a facsimile was sent to the State Bar's Office of Chief Disciplinary Counsel, with a cover sheet identifying the sender as Sarah Arvidsson. Paulsen alleged that the cover sheet referred to his "recent conduct," "gratuitously" included his bar number, and was intended to "suggest professional misconduct" and "initiate an investigation." The October 4 cover sheet bore the letterhead of Ellen A. Yarrell, P.C. It was addressed to Michelle Jordan, Attorney Liaison, Office of the Chief Disciplinary Counsel, and it stated it was from "Ellen A. Yarrell/**Sarah R. Arvidsson**." (Emphasis in original.) It was signed by "Sarah R. Arvidsson, Associate Attorney." Included in the fax behind the cover sheet was a copy of Yarrell's October 3 letter.

On March 14, 2014, Yarrell filed a motion to dismiss under the TCPA. She argued that Paulsen's "claims for defamation and tortious interference should be

3

dismissed because they are based on, related to, or in response to [her] exercise of her right to petition the State Bar." Yarrell argued that the Office of the Chief Disciplinary Counsel is a judicial body and that she was "attempting to send correspondence to the State Bar regarding the conduct of Professor Paulsen through her right to petition a judicial body." She further argued that her communication was protected by the litigation privilege. She sought attorney's fees and costs as provided by the statute. *See* TEX. CIV. PRAC. & REM. CODE § 27.009.

In response to Yarrell's TCPA motion to dismiss, Paulsen filed a document entitled "Plaintiff's Response and Motion to Dismiss Defendant's CPRC Chapter 27 Motion to Dismiss." Paulsen argued that Yarrell's TCPA motion to dismiss was itself a "legal action" as defined by the TCPA, which related to his actions in filing amicus briefs in a state trial court. He sought dismissal of her motion to dismiss and attorney's fees as provided by the statute. Among other things, Paulsen argued that Yarrell's motion to dismiss was untimely. Yarrell responded that her motion was timely because it was filed within 60 days of service of the newly-pleaded count regarding the October 4 cover sheet.

In addition to her TCPA motion to dismiss, Yarrell filed a motion for partial summary judgment as to Paulsen's defamation and tortious interference claims. The trial court granted Yarrell's motion for summary judgment and denied her TCPA motion to dismiss. The court also granted Paulsen's TCPA motion to

4

dismiss Yarrell's TCPA motion to dismiss, but it denied his request for attorney's fees and court costs.

## Analysis

Both Paulsen and Yarrell filed notices of interlocutory appeal. Paulsen appeals the trial court's denial of attorney's fees in conjunction with his TCPA motion, which the trial court granted. Yarrell appeals only the trial court's denial of her motion to dismiss.

## I.     Paulsen's appeal

Ordinarily, Texas appellate courts have jurisdiction only over final judgments. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 92 (Tex. 2012). An exception to this general rule exists when a statute authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). The Civil Practice and Remedies Code provides for an interlocutory appeal from an order that "denies a motion to dismiss filed under Section 27.003." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12). This new statutory provision was enacted in 2013, when the Texas Legislature modified the statutory authorization for interlocutory appeals from orders pursuant to Chapter 27 of the Civil Practice and Remedies Code. *See* Act of May 24, 2013, 83rd Leg., R.S., Ch. 1042, § 4, 2013 Tex. Gen. Laws 2500 (current version at TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12)). This new statutory provision evidently reflects the legislative response to a split in

5

authority that had developed in the courts of appeals concerning whether a right of interlocutory appeal had been created by Section 27.008. *See generally Kinney v. BCG Attorney Search, Inc.*, No. 03-12-00579-CV, 2014 WL 1432012, at *3 (Tex. App.—Austin Apr. 11, 2014, pet. filed); *see also Jennings v. WallBuilder Presentations, Inc. ex rel. Barton*, 378 S.W.3d 519, 528 (Tex. App.—Fort Worth 2012, pet. denied) ("construing section 27.008 with precision and with fidelity to the terms by which the legislature has expressed its wishes, we decline to 'imply' into the statute . . . a right of interlocutory appeal from a timely-signed order denying a timely-filed chapter 27 motion to dismiss").

The order that Paulsen challenges on appeal is a denial of attorney's fees ancillary to granting a motion to dismiss filed under Section 27.003. Because Section 51.014(a)(12) permits an appeal only from an order that "denies a motion to dismiss filed under Section 27.003," and because we are obliged to interpret the scope of our interlocutory appellate jurisdiction narrowly, we conclude that Paulsen's interlocutory appeal from the denial of attorney's fees is not authorized by statute. We raised this jurisdictional issue and ordered Paulsen to provide the court with a basis for us to exercise jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a).

In response to our notice, Paulsen insists that he appeals the "partial denial of his motion, not the partial grant." We do not agree that the interlocutory order

6

denying attorney's fees in this case is an order that "denies a motion to dismiss filed under Section 27.003." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12). Paulsen obtained all the relief he requested that was authorized by Section 27.003: the trial court granted his motion to dismiss Yarrell's "legal action." *Id.* § 27.003. The aspect of Paulsen's motion that was denied—the request for attorney's fees— was a distinct interlocutory ruling that did not deny the "motion to dismiss filed under Section 27.003," but instead it denied a request for fees as authorized by a separate provision, Section 27.009. This understanding of the limited scope of Chapter 27 interlocutory appeals is bolstered by the "appeal" provision of the TCPA, which also limits its reference to expedited appeals to those relating to "a motion to dismiss under Section 27.003." *Id.* § 27.008. Because we conclude that Paulsen's attempted interlocutory appeal from the denial of attorney's fees is not authorized by the text of Chapter 27, we also reject his suggestion that disallowing the interlocutory appeal would constitute a failure to construe Chapter 27 "liberally to effectuate its purpose and intent fully." *See id.* § 27.011(b).

Paulsen further contends that "the rule of strict construction does not apply" in this circumstance, relying on the Code Construction Act, which he contends contradicts the "rule of strict construction" by purportedly authorizing courts to rely on legislative history and other considerations. *See* TEX. GOV'T CODE § 311.023. We reject this argument, which fails to distinguish our Supreme Court's

7

repeated admonition that the categories of interlocutory appeals authorized by section 51.014 are "strictly" construed as narrow exceptions to the general rule that only final judgments and orders are appealable. *E.g.*, *CMH Homes*, 340 S.W.3d at 447; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001). Even if we were to agree with Paulsen that legislative history in the form of a bill sponsor's statement could justify a departure from the plain textual limitations on the scope of interlocutory review, nothing in the legislative history quoted by Paulsen makes any reference to interlocutory appeals to review denials of attorney's fees in connection with orders granting motions to dismiss. *See* House Comm. on State Affairs, Bill Analysis, Tex. H.B. 2935, 83rd Leg., R.S. (2013), *available at* http://www.legis.state.tx.us/tlodocs/83R/analysis/ pdf/HB02935E.pdf #navpanes=0. Moreover, the legislative history quoted by Paulsen actually contradicts the text of the statute by indicating the bill sponsor's "statement of intent" to include interlocutory appeals from "the denial or grant" of motions to dismiss, *id.*, despite the fact that the enacted legislation, Section 51.014(a)(12), is expressly limited by its terms to authorizing review of an order that "denies a motion to dismiss." In short, we reject Paulsen's resort to legislative history to alter the meaning of the text that the Legislature actually enacted.

We conclude that the order denying Chapter 27 attorney's fees is an order from which no statutory right to interlocutory appeal lies, and we hold that we lack

jurisdiction over Paulsen's appeal. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12). Accordingly, Paulsen's appeal is dismissed for want of jurisdiction.

## II. Yarrell's appeal

Yarrell argues that her motion to dismiss was timely filed and that the trial court erred by denying it because Paulsen's claim was barred as a matter of law by the doctrine of absolute privilege. The order that Yarrell challenges on appeal is one denying a motion to dismiss filed under Section 27.003. We have jurisdiction over this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12).

The TCPA provides a procedure for dismissing meritless suits that are based on the defendant's exercise of the rights of free speech, petition, or association as defined within the statute. *Id.* § 27.003. If the legal action is "based on, relates to, or is in response to a party's" exercise of those rights, "that party may file a motion to dismiss the legal action." *Id.* § 27.003(a). To obtain dismissal under the TCPA, a movant must show "by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of the right of free speech; the right to petition; or the right of association." *Id.* § 27.005(b). A motion to dismiss under the TCPA "must be filed not later than the 60th day after the date of service of the legal action," but a trial court may extend the time for filing such a motion "on a showing of good cause." *Id.* § 27.003(b). In deciding whether to grant a motion under the TCPA and dismiss the lawsuit, a trial court will "consider

9

the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a).

Yarrell filed her motion to dismiss on March 14, 2014. She argues that it was timely because it was filed within 60 days of service of Paulsen's third amended petition (filed on February 27, 2014), which alleged defamation in regard to the October 4 transmittal to the Office of Chief Disciplinary Counsel for the State Bar of Texas of a fax cover sheet and her October 3 letter to Paulsen's employer. She contends that Paulsen's allegation of defamation related to the October 4 transmittal constituted a "legal action" under the statute which triggered anew the 60-day period for filing a motion to dismiss. Paulsen disputes that the defamation claim relating to the October 4 transmittal is a "legal action" for purposes of the TCPA, and he argues, among other things, that Yarrell's motion was not timely filed.

Determining whether Paulsen's third amended petition was a covered "legal action" and whether Yarrell's motion was timely filed involve questions of statutory construction which we review de novo. *See Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010); *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). "In interpreting statutes, our primary purpose is to give effect to the legislature's intent by relying on the plain meaning

10

of the text adopted by the legislature, unless a different meaning is supplied by statutory definition or is apparent from the context, or the plain meaning leads to absurd results." *John Moore Servs.*, 441 S.W.3d at 353 (citing *Tex. Lottery Comm'n*, 325 S.W.3d at 635).

An amended pleading that does not add new parties or claims does not restart the deadline for filing a motion to dismiss under the TCPA. *See In re Estate of Check*, 438 S.W.3d 829, 837 (Tex. App.—San Antonio 2014, no pet.). Permitting the 60-day deadline to be reset each time a party amended a petition or counterclaim, regardless of whether new claims or parties have been introduced, would frustrate the expressed legislative purpose of the TCPA, "which is to allow a defendant *early in the lawsuit* to dismiss claims that seek to inhibit a defendant's constitutional rights to petition, speak freely, associate freely, and participate in government as permitted by law." *Id.* at 836; *see* TEX. CIV. PRAC. & REM. CODE § 27.002; *see also Pickens v. Cordia*, 433 S.W.3d 179, 182–83 (Tex. App.—Dallas 2014, no pet.) (noting that the TCPA provides means for "expedited dismissal of unmeritorious suits"); *Summersett v. Jaiyeola*, 438 S.W.3d 84, 86 (Tex. App.—Corpus Christi 2013, pet. denied) (noting that the TCPA "provides for the early dismissal of legal actions"); *cf. James v. Calkins*, No. 01-13-00118-CV, 2014 WL 4100692, at *6 (Tex. App.—Houston [1st Dist.] Aug. 21, 2014, no pet. h.) (holding that, when the original petition was filed before the TCPA effective date, an

11

amended petition filed after the effective date was subject to the TCPA dismissal procedure because the new claims relied on a different factual basis than the earlier-pleaded claims).

In this case, the third amended petition filed on February 27 alleged for the first time that the fax cover letter was transmitted on October 4. The October 4 fax conveyed the October 3 letter to the State Bar Office of Chief Disciplinary Counsel.

In her motion to dismiss, Yarrell argued that she "intended to inform the Disciplinary Counsel of Professor Paulsen's conduct," and his subsequent suit for defamation "clearly" infringed on her "constitutional right to petition the State Bar regarding another lawyer's conduct." From the outset of Paulsen's lawsuit, it has been premised in part on the transmission of Yarrell's October 3 letter to the Office of Chief Disciplinary Counsel. For example, Paulsen's original petition, filed September 27, 2013, alleged that Yarrell "copied the Office of the Chief Disciplinary Counsel of the State Bar of Texas" on the October 3 letter and that she published "false statements" to "an official with the State Bar of Texas."

Paulsen's original petition alleged that Yarrell published allegedly false and defamatory statements to an official of the State Bar of Texas. Despite the additional details included in the third amended petition in an attempt to distinguish two distinct defamation claims, the third amended petition relied on the

same essential factual allegations as the claim stated in his original petition, and therefore it did not reset the deadline for Yarrell to file a motion to dismiss under the TCPA. *See Check*, 438 S.W.3d at 837.

Paulsen's original petition was served in October 2013, and Yarrell's motion to dismiss under the TCPA relating to her right to petition was due 60 days thereafter. *See* TEX. CIV. PRAC. & REM. CODE § 27.003(b). Yarrell's motion was not filed until March 2014, and therefore it was untimely. A trial court does not err by denying an untimely filed motion to dismiss under the TCPA. *See Check*, 438 S.W.3d at 837. Accordingly, we hold that the trial court properly denied Yarrell's motion to dismiss. In light of this holding, we do not reach Yarrell's other arguments on the merits of her motion to dismiss.

## Conclusion

We dismiss Paulsen's interlocutory appeal for want of jurisdiction, and we affirm the order of the trial court denying Yarrell's motion to dismiss.


Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

13