ACCEPTED
01-15-00687-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/1/2015 11:37:43 AM
CHRISTOPHER PRINE
CLERK

No. 01-15-00687-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/1/2015 11:37:43 AM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS FOR
THE FIRST SUPREME JUDICIAL DISTRICT OF TEXAS

_____

Annise D. Parker, Mayor, Anna Russell, City Secretary,
and City of Houston
vs.
David B. Wilson

_____

*Trial Court Number 2015-39706*
*270th District Court of Harris County, Texas*

_____

REPLY TO RESPONSE TO NOTICE
TO SHOW COURT'S APPELLATE JURISDICTION

_____

James D. Pierce
SBN 15994500
1 Sugar Creek Center 1080
Sugar Land, TX 77478
713-650-0150
jim@jamespierce.com
Attorney for Realtor
David B. Wilson

Page -1-

## IDENTITY OF PARTIES AND COUNSEL

For the sake of simplicity the parties are sometimes referred by their name. The following is a complete list of all the parties and their attorneys.

| Appellee | Appellants |
|---|---|
| David B. Wilson | Annise D. Parker, Mayor, Anna Russell, City Secretary, and City of Houston |
| | |
| Attorney: | Attorneys |
| | Donna Edmundson City Attorney |
| Mr. James D. Pierce | Judith L. Ramsey Chief, General |
| SBN: 06702350 | Litigation Section |
| Attorney At Law | Kathleen Hopkins |
| 1 Sugar Creek Center 1080 | Alsina Senior Assistant City Attorney |
| Sugar Land, TX 77478 | State Bar No. 09977050 |
| 713-650-0150 | Patricia L. Casey Senior Assistant City |
| 713-650-0146 Fax | Attorney |
| | State Bar No. 03959075 CITY OF HOUSTON LEGAL DEPARTMENT 900 Bagby, Fourth Floor Houston, Texas 77002 832.393.6491 (Telephone) 832.393.6259 (Facsimile) kate.alsina@houstontx.gov pat.casey@houstontx.gov |

## STATEMENT OF THE CASE

This is an appeal of an interlocutory order granting a writ of mandamus compelling one of the Appellee's Anna Russell, City Secretary, to comply with ministerial duties to count and certify the petitions presented by over 22,000 voters for a proposed amendment to Houston's City Charter. See Notice of Interlocutory Appeal filed on or about August 12, 2015. On August 19, 2015, this Court questioned its jurisdiction and required a written response from Appellants within 10 days.

ARGUMENT & AUTHORITIES

Does a Texas Court of Appeals have appellate jurisdiction of an interlocutory order of mandamus issued by a trial court? The order of the trial court (attached to the notice of appeal) was not an temporary injunction, it was an order granting a writ of mandamus. As stated by this Court in its August 19, 2015 order:

> This Court generally has jurisdiction only over appeals from final judgments unless a statute authorizes an interlocutory appeal.

citing, See CMH Homes v. Perez, 340 S.W.3d 444, 447–48 (Tex. 2011); Paulsen v. Yarrell, 455 S.W.3d 192, 195 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing Rusk State Hosp. v. Black, 392 S.W.3d 88, 92 (Tex. 2012)); see also, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2015) (authorizing appeals from certain interlocutory orders). (Appendix 2). No statutory basis exists for reviewing an interlocutory mandamus order by appeal.

A writ of mandamus will issue to compel a public official to perform a ministerial act. Anderson v. City of Seven Points, 806 S.W.2d 791, 793 (Tex. 1991). A writ of injunction is governed by Chapter 65 of the Texas Civil Practice & Remedies Code and requires balancing equities. The Texas Legislature permits interlocutory appeals of temporary injunctions, but makes no allowance for interlocutory appeals of mandamus orders. Tex. Civ. Pract. & Rem. Code Ann. §

51.014 (4) (West 2015). The historic difference between the two writs is well documented. See generally, Howard W. Brill, The Citizen's Relief Against Inactive Federal Officials: Case Studies in Mandamus, Actions "In the Nature of Mandamus," and Mandatory Injunctions, 16 Akron Law Review 339 (1983).[1] The courts strictly construe statutes that allow interlocutory appeals. Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352 (Tex. 2001). The Appellants place reliance upon Qwest Communications Corp. v. AT&T Corp., 24 S.W.3d 334, 338 (Tex. 2000). Quest was a temporary injunction case in which the court entered an order based upon agreement that purported to settle an application for temporary injunction. Id., at 335. In fact, the trial court in that Quest stated "[w]ith respect to the plaintiff's application for termporary injunction, judgment is rendered." Id. The Texas Supreme Court concluded that in character and function of the order was a temporary injunction. However, no alternative writ or remedy, such as a writ of mandamus, could describe the Quest trial court's order. Quest does not support this Court's exercise of interlocutory jurisdiction. This Court was correct in questioning its jurisdiction as appellate jurisdiction is lacking. The appeal should be dismissed.

---

1. Available at: https://www.uakron.edu/dotAsset/24c1be43-1c6a-49f2-899f-d03fac60cd30.pdf).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee prays that the Appeal be Dismissed, and for such other and further relief as is just.

Respectfully submitted,

___/S/James D. Pierce_____
James D. Pierce(15994500)

1 Sugar Creek Center Suite 1080
Sugar Land, TX 77478
(713) 650-0150
jim@jamespierce.com

Attorney for Appellee
David B. Wilson

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing brief has been served on the below listed counsel of record this 1st day of September, 2015 through the Court's Electronic Filing System.

Respondents
Annise D. Parker, Mayor, Anna Russell, City Secretary, and City of Houston

Attorneys
Donna Edmundson City Attorney
Judith L. Ramsey Chief, General Litigation Section
Kathleen Hopkins
Alsina Senior Assistant City Attorney State Bar No. 09977050
 Patricia L. Casey Senior Assistant City Attorney
State Bar No. 03959075 CITY OF HOUSTON LEGAL DEPARTMENT 900 Bagby, Fourth Floor Houston, Texas 77002 832.393.6491 (Telephone) 832.393.6259 (Facsimile) kate.alsina@houstontx.gov pat.casey@houstontx.gov

           /S/James D. Pierce
           James D. Pierce