# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00501-CV

**David Hayes, Appellant**

**v.**

**Wylie Cavin and Lillian Cavin, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-15-005750, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellees Wylie Cavin and Lillian Cavin sued appellant David Hayes for defamation. Hayes appeals from the trial court's denial of his motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011. As explained below, we will affirm the trial court's order denying the motion to dismiss.

## Procedural Background

This appeal arises from a long-standing and contentious family dispute that originated between the Cavins and their daughter and son-in-law.[1] This case was brought by the Cavins against Hayes, Lillian's brother-in-law. The Cavins filed their original petition on December 17, 2015,

---

[1] *See Cavin v. Abbott*, No. 03-18-00073-CV, 2018 WL 2016284 (Tex. App.—Austin Apr. 30, 2018, pet. denied) (mem. op.); *In re Cavin*, No. 03-18-00113-CV, 2018 WL 2016379 (Tex. App.—Austin Apr. 30, 2018, orig. proceeding) (mem. op.); *Cavin v. Abbott*, 545 S.W.3d 47 (Tex. App.—Austin 2017, no pet.).

alleging that Hayes had defamed them in an email sent to Dabbs and Mary Cavin on May 21, 2015, and stating that they had "reason to believe that Defendant has repeated these same statements to others beyond Dabbs and Mary Cavin." Hayes filed a general denial. On March 24, 2017, the Cavins filed their first amended petition, adding allegations that Hayes had told Kathryn Fowler that the Cavins had attacked and emotionally abused their daughter, Kristin Abbott; that he told Kristin Abbott the Cavins were untruthful, mentally unstable, "emotionally empty," and harmful and neglectful to her and the family; and that the Cavins believed Hayes had repeated similar defamatory statements to other people beyond Dabbs and May Cavin, Kathryn Fowler, and Kristin Abbott.

On June 16, 2017, the Cavins filed their second amended petition, including the same allegations and adding, "On or about July 2015, Defendant published a statement to Sally Holley, Anne Hawley, Peggy Youngblood, Max Newton, Bob Whitley, Mary Anne Tyndall, Carol Roush, and Kathryn Fowler that Plaintiffs had attacked and abused their daughter, exhibited bad behavior, and attacked Sandy Whitley." On June 26, Hayes filed a TCPA motion, seeking the dismissal of the most recent allegation about the July 2015 statement. Hayes asserted that the complained-of claim "was made in the exercise of [Hayes's] constitutional right to petition and speak freely and therefore is subject to the protections of the TCPA" and asked that the claim be dismissed "upon the Cavins' failure to establish by clear and specific evidence a *prima facie* case for each essential element for the causes of action alleged." Hayes also stated that the "newly asserted" cause of action was subject to the defenses of absolute privilege, conditional privilege, limitations, truth, lack of malice or negligence, and procurement or invitation by the Cavins.

2

Three days later, the Cavins filed a third amended petition, deleting the challenged allegation and returning to the allegations as set out in their first amended petition. They filed a response to the motion to dismiss, asserting that the motion was moot, untimely, and brought solely for delay and to run up litigation expenses. The Cavins further argued that Hayes had not established that the TCPA applied; attempted to show a prima facie case for each element of defamation; asserted that Hayes had not established any affirmative defenses; and noted that he had not pled the affirmative defenses in his answer. On July 12, the day before the hearing on his motion to dismiss, Hayes filed an amended answer asserting the affirmative defenses of truth, limitations, and privilege. The trial court held a hearing on July 13 and took the matter under advisement. On July 20, the court signed an order denying Hayes's motion, finding that the motion was both untimely and "not meritorious." The court declined to order attorney's fees in favor of either side.

## Discussion

Hayes argues on appeal that the trial court erred in denying his motion to dismiss because the July 2015 communication that was the subject of his motion implicated each of the protected categories of communication as set out in the TCPA.[2] *See id.* § 27.001(3), (4)(A)(i), (7)

---

[2] We note that the TCPA as currently written requires this Court to consider the merits of Hayes's motion to dismiss despite that motion being substantively mooted by the Cavins' amending their petition three days later—well before the hearing on the motion to dismiss—to delete the complained-of allegation. *See, e.g.*, *Craig v. Tejas Promotions, LLC*, 550 S.W.3d 287, 293 (Tex. App.—Austin 2018, pet. filed) ("any nonsuit of claims by Promotions did not entirely moot appellants' TCPA motion challenging those claims—appellants could continue to pursue their requests for attorney's fees incurred in defending those claims prior to their voluntary dismiss"). Although hardly a model of judicial economy, the TCPA requires such an exercise.

(defining "exercise of the right of free speech," "exercise of the right to petition," and "matter of public concern").

The TCPA is intended to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002; *see ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam). The TCPA, which must be "construed liberally" to fully effectuate its intent, provides for the expedited dismissal of claims brought "to intimidate or to silence" a defendant's exercise of his First Amendment rights. *Coleman*, 512 S.W.3d at 898 (quoting Tex. Civ. Prac. & Rem. Code § 27.011(b)). Thus, a motion to dismiss under the TCPA must be filed within sixty days after a defendant is served with a legal action "based on, relating to, or in response to a party's exercise of the right of free speech, right to petition, or right of association."[3] Tex. Civ. Prac. & Rem. Code § 27.003(a), (b).

---

[3] The TCPA places on the movant the initial burden of showing "by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of" his right of free speech, right to petition, or right of association as defined in the TCPA. Tex. Civ. Prac. & Rem. Code § 27.005(b); *see In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015); *Cavin*, 545 S.W.3d at 59. However, Hayes's motion to dismiss stated only:

> The additional claims asserted in the Second Amended Petition complain of a communication sent in July of 2015 to eight individuals as noted above. The complained of communication by Defendant was made in the exercise of his constitutional right to petition and speak freely and therefore is subject to the protections of the TCPA. Those claims should be dismissed upon the Cavins' failure to establish by clear and specific evidence a *prima facie* case for each essential element for the causes of action alleged.

4

Through each iteration of their pleadings, the Cavins' general statement of their "cause of action for defamation" remained the same, stating:

> David Hayes published statements of fact or, in the alternative, statements of opinion that implied facts, which falsely stated that Plaintiff Wylie Cavin committed tax fraud and assault, and that Plaintiff Lillian Cavin suffers from a mental illness and has lied to cover up an alleged assault. Defendant further asserted that the Cavins were untruthful, harmful to their daughter and others, that they were mentally unstable and emotionally empty, and have wrecked and neglected their family.
>
> Defendant knew that the statements were false or acted with reckless disregard of the falsity of the statements.
>
> Defendant acted with actual malice in making the statements at issue because he intended to injure the reputation and lessen the view of Plaintiffs by the recipients.
>
> Defendant's statements were intended to and did impeach the honesty, integrity, virtue, and reputation of Plaintiffs by falsely accusing Wylie Cavin of at least two crimes, lying, immoral conduct, and neglect, and Lillian Cavin of immoral conduct, neglect, and a loathsome disease.
>
> The statement caused Wylie Cavin and Lillian Cavin to suffer harm, including mental anguish and diminishment of reputation, for which they are entitled to recover damages, costs, and pre- and post-judgment interest.

All of the pleadings included an allegation that the Cavins believed that Hayes "has repeated these same statements to others beyond Dabbs and Mary Cavin, Kathryn Fowler, and Kristin Abbott. Plaintiffs therefore allege, on information and belief, that Defendant has repeated the defamatory statements above to others beyond Dabbs and Mary Cavin, Kathryn Fowler, and Kristin Abbott."

_____

The motion put forth none of Hayes's appellate arguments as to how the alleged statement was a communication made in connection with a matter of public concern or in or pertaining to a judicial proceeding, *see* Tex. Civ. Prac. & Rem. Code § 27.001(3), (4)(A)(i). It was not until the hearing on Hayes's motion that he presented any argument as to that issue, pointing to the pleadings and the Cavins' affidavit. Because Hayes's motion lacked any argument or explanation of how the TCPA applies, we question whether he satisfied his initial burden under the TCPA.

In the second amended petition, the Cavins included the allegation that "[o]n or about July 2015, Defendant published a statement to Sally Holley, Anne Hawley, Peggy Youngblood, Max Newton, Bob Whitley, Mary Anne Tyndall, Carol Roush, and Kathryn Fowler that Plaintiffs had attacked and abused their daughter, exhibited bad behavior, and attacked Sandy Whitley." Hayes filed his motion to dismiss within sixty days of the Cavins' second amended petition, and he argues that by including the specific allegation about the July 2015 communication, the Cavins added a new claim upon which his TCPA motion could be based, noting that in Texas, each alleged defamatory publication is "a single transaction with an independent injury." *See Texas Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 587 (Tex. App.—Austin 2007, pet. denied). The Cavins disagree, arguing that the allegation about the July 2015 email instead clarified their already pled claims that Hayes had defamed them to Fowler and other unnamed individuals.

The Cavins asserted in their earlier pleadings that Hayes had defamed them by accusing them of committing tax fraud and assault, of suffering from mental illness and instability, of being untruthful, and of neglecting and harming their daughter and other family members. The earlier pleadings alleged defamation as the sole cause of action and asserted that Hayes had defamed them to Dabbs and Mary Cavin, Kathryn Fowler, Kristin Abbott, and to other unnamed individuals. The trial court could reasonably have concluded that the complained-of statement in the Cavins' second amended petition asserted specifics about who and when those allegations were made. *See Jordan v. Hall*, 510 S.W.3d 194, 198-99 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Paulsen v. Yarrell*, 455 S.W.3d 192, 198 (Tex. App.—Houston [1st Dist.] 2014, no pet.), *superseded by statute on other grounds as stated in Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 887-88

6

(Tex. App.—Houston [1st Dist.] 2015, no pet.); *see also Lipsky*, 460 S.W.3d at 590-91 (noting that pleadings need only provide "fair notice" of claim and relief sought but that plaintiff challenged by TCPA motion must present more than "mere notice pleading"); *Campone v. Kline*, No. 03-16-00854-CV, 2018 WL 3652231, at *6 (Tex. App.—Austin Aug. 2, 2018, no pet. h.) (mem. op.) (earlier petitions alleged one specific instance of defamation; amended petition added claims of additional instances of defamation and added claims against new defendant; TCPA motion was timely as to new claims of defamation and claims against new defendant but was not timely as to amended allegations that clarified or refined original claim). Thus, the trial court could have concluded that the Cavins' second amended petition did not allege new and distinct injuries and instead clarified their claim of how Hayes defamed them to other people. *See Jordan*, 510 S.W.3d at 198-99; *Paulsen*, 455 S.W.3d at 198. Based on the record before us, we cannot conclude that the trial court erred in determining that Hayes's motion to dismiss was untimely filed.

## Conclusion

The trial court could have reasonably concluded that Hayes's motion was untimely. We therefore affirm the trial court's order denying the motion to dismiss.

_____

Cindy Olson Bourland, Justice

Before Chief Justice Rose, Justices Puryear and Bourland

Affirmed

Filed: October 12, 2018

7