

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHANDNI I, INC., A Texas Corporation; HARSHAD PATEL, An Individual; ASHWIN PATEL, An Individual; SUNIL PATE, An Individual; MANISH VANMALI, An Individual; EL PASO HOSPITALITY, LLC; MANDEEP, LLC; CHANDNI VENTURE OF TEXAS, INC., A Texas Corporation; and UJASHIV MANAGEMENT, INC., A Texas Corporation, | § § § § § § § § | No. 08-18-00107-CV Appeal from the 34th District Court of El Paso County, Texas (TC# 2014DCV0779) |
| Appellants, | § | |
| v. | § § | |
| DHARMESH PATEL, | § | |
| Appellee. | § § | |

**O P I N I O N**

This case involves an interlocutory appeal from the trial court's denial of Appellants'
motion to dismiss under the Texas Citizens Participation Act (TCPA). In five issues, Appellants
contend: (1) the trial court erred in denying their timely-filed motion to dismiss because
Appellee's claims for theft and fraud are based on, relate to, or are in response to Appellants'
exercise of their right of free speech or association and thus fell within the scope of the TCPA; (2)
Appellee failed to establish by clear and specific evidence a prima facie case on each essential

element of his claims; (3) Appellee's shareholder inspection claim was based on, related to, or was made in response to Appellants' exercise of the right of petition because the complained-of communications were made during or pertained to a judicial proceeding; (4) Appellants met their burden of proof in establishing each essential element of the valid defense of effective consent; and (5) Appellants are entitled to costs, attorney's fees, and expenses.[1]   We affirm.

## BACKGROUND

This appeal arises out of a shareholder derivative suit brought by Dharmesh Patel against the managers and directors of Chandni I, Inc., a corporation that owns and manages a Quality Inn & Suites in El Paso, Texas.   The facts are mostly procedural.   Dharmesh filed his original petition on March 10, 2014, asserting claims for fraud and conversion, among other causes.   He amended his petition four times.   In his Third Amended Petition, filed on February 15, 2017, he included causes of action for fraud against several of the managers and directors individually, including Harshad Patel, Sunil Patel, Ashwin Patel, and Manish Vanmali.   He also asserted claims for conversion against all defendants, except for Chandni I, individually and derivatively.   In his Fourth Amended Petition, filed on November 13, 2017, he again asserted causes of action for fraud against Harshad, Sunil, Ashwin, and Manish individually but modified his conversion claims against the defendants by bringing them only in a derivative capacity.   His fifth and final amended petition was filed on February 21, 2018 and included causes for theft and conversion against the named defendants, fraud against Harshad, and a new claim for shareholder inspection.   Two months later on April 20, 2018, Appellants filed a motion to dismiss under the Texas Citizens Participation Act (TCPA), asserting that the claims for fraud, theft, and shareholder inspection

---

[1] Although Appellants do not list their request for costs, attorney's fees, and expenses as an issue presented, they do raise and brief the issue.

were made in response to their exercise of freedom of speech, association, and petition. The trial court denied the motion and set a hearing for the purpose of assessing fees, costs, expenses, and sanctions against Appellants as required under the TCPA. Appellants then filed this interlocutory appeal.

## DISCUSSION
## Timeliness Under the TCPA

In their first issue, Appellants contend the trial court erred in denying their timely-filed motions to dismiss under the TCPA. Appellee contends Appellant's motions to dismiss his fraud and theft claims were untimely because those claims had already been raised in previous petitions and therefore the 60-day deadline for filing for dismissal under the TCPA had already expired. Because further analysis of the issue is unnecessary if the motions were untimely, we address timeliness first.[2]

### *Standard of Review*

We review a trial court's ruling on a motion to dismiss de novo. *MVS International Corporation v. International Advertising Solutions, LLC*, 545 S.W.3d 180, 190 (Tex.App.—El Paso 2017, no pet.).

### *Applicable Law*

The Texas Citizen's Participation Act (TCPA) authorizes a party to file a motion to dismiss if the claim against him relates to his exercising his right of free speech, petition, or association. TEX.CIV.PRAC.&REM.CODE ANN. § 27.003. A defendant wanting to take advantage of the statute must file a motion to dismiss within 60 days after the date of service of the "legal action" he seeks to have dismissed. TEX.CIV.PRAC.&REM.CODE ANN. § 27.003(b).

---

[2] Appellee does not contend Appellants' motion to dismiss the shareholder inspection claim was untimely.

The Legislature has defined "legal action" in the context of the TCPA to mean "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory or equitable relief." TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(6). Thus, an amended petition asserting new claims based upon new factual allegations will reset a TCPA deadline as to the new legal action. *Jordan v. Hall*, 510 S.W.3d 194, 198 (Tex.App.—Houston [1st Dist.] 2016, no pet.). But an amended petition, by itself, does not reset the 60-day clock if it adds no new claims and relies upon the same factual allegations underlying the original petition. *Id*. Additional factual details in a subsequent petition also do not reset the TCPA clock if the essential factual allegations as to the claim were present in the prior petition. *In re Estate of Check*, 438 S.W.3d 829, 837 (Tex.App.—San Antonio 2014, no pet.)(acknowledging that to hold otherwise would negate the early dismissal envisioned by the statute); *see also Paulsen v. Yarrell*, 455 S.W.3d 192, 198 (Tex.App.—Houston [1st Dist.] 2014, no pet.)(plaintiff filed suit over an allegedly defamatory fax, then in subsequent petition added an additional claim for defamation regarding information on the cover letter of the defamatory fax; court held that despite plaintiff's attempt to divide his defamation claims into two, the amended petition relied on the same essential factual allegations as the original petition), *superseded by statute on other grounds as stated in Jordan*, 510 S.W.3d at 198; *Mancilla v. Taxfree Shopping, Ltd.*, No. 05-18-00136-CV, 2018 WL 6850951, at *3 (Tex.App.—Dallas Nov. 16, 2018, no pet.)(mem. op.)(holding additional details in a subsequent petition do not restart the 60-day clock if the same essential factual allegations as to the claim were present in an earlier petition.).

### *Analysis*

Appellants contend they timely filed a motion to dismiss the fraud and Texas Theft

4

Liability Act claims asserted in Appellee's Fifth Amended Petition. Appellee, however, asserts the fraud and Texas Theft Liability Act claims in his Fifth Amended Petition are the same claims raised in Appellee's prior petitions and relied on the same essential factual allegations.

*The Fraud Claim*

Appellants assert the Fifth Amended Petition includes a new claim for fraud against Harshad Patel, and because it was a newly-asserted legal action they had 60 days to file their motion to dismiss that cause under the TCPA. The Fifth Amended Petition was filed on February 21, 2018 and Appellants' motion to dismiss under the TCPA was filed on April 20, 2018. If the fraud claim against Harshad was indeed a new legal action, their motion to dismiss was timely. TEX.CIV.PRAC.&REM.CODE ANN. § 27.003(b).

But as Appellee correctly points out, the fraud claim against Harshad is the same claim he asserted in his Third and Fourth Amended Petitions and involves the same factual allegations; the only difference is the Fifth Amended Petition dropped certain factual allegations regarding the other defendants from the fraud claim against Harshad. The Third and Fourth Amended Petitions assert Harshad and the other defendants: (1) utilized their positions as managers and directors of Chandni I to obtain loans using corporate assets as collateral and then used the loan money to purchase investment properties that were placed in the individual defendants' personal corporations that then competed directly with Chandni I; (2) made a distribution from Chandni I to themselves but not to the other shareholders; (3) utilized their positions to obtain personal loans from Chandni I without following corporate procedures; (4) concealed their activities by not providing information and access to corporate records; (5) misappropriated and comingled Chandni I's corporate funds to purchase and operate rival hotels and other real estate; and (6)

5

underreported earnings and personally took cash proceeds without authorization. The petitions further assert these acts were done deliberately and that Harshad and the other defendants had misrepresented and concealed corporate information from Appellee, and Appellee was induced through his trust in the Appellants to invest monies in the Appellants' enterprise, which he would not have done absent the concealment. The petitions also asserted Appellee had, as a result of their fraud, lost monies he would have received as distributions as a shareholder. The Fourth Amended Petition differed from the Third in that Appellee brought the same claims on behalf of Chandni I derivatively instead of bringing them in his individual capacity as he did in the Third. These very same causes and factual theories are asserted in the Fifth Amended Petition under the section, "Fraud-As to HARSHAD, SUNIL, ASHWIN and MANISH."

Appellants contend, however, that a new legal action was raised under a separate section in the Fifth Amended Petition entitled "Fraud-As to HARSHAD," that raised a claim against Harshad individually. But no new claims or factual theories are raised in that section. Appellee simply reasserts: (1) that he relied on his trust in Harshad in his decision to invest in their venture; (2) that Harshad intentionally misrepresented and concealed information from him; and (3) that he lost monies he would have received as a shareholder. The same essential factual theories underlie this claim as were asserted in prior petitions, the only difference being that the theories were narrowed and the other defendants were dropped from the amended claim and it was brought against Harshad only. Because no new claims were added in the Fifth Amended Petition against Harshad and the claim asserted relies upon the same factual allegations underlying the Third and Fourth Amended Petitions, the 60-day deadline was not reset as to the fraud claim and Appellants' motion to dismiss was untimely. *See Jordan*, 510 S.W.3d at 198.

6

*The Theft Claim*

Appellants also assert Appellee's claim for theft under the Texas Theft Liability Act was a new legal action that served to reset the 60-day deadline under the TCPA. Specifically, Appellants contend the theft claim requires proof of wrongful intent to deprive, which was not an element of the conversion claim previously asserted in the Fourth Amended Petition. Appellee contends, however, the theft claim was alleged as conversion in the Fourth Amended Petition and asserts the same elements were plead and the same essential factual allegations were asserted; the mere fact the claim was labeled theft instead of conversion does not reset the 60-day clock.

A similar issue was addressed by our sister court in *Paulsen*, which involved claims for defamation. In *Paulsen*, a law professor submitted an amicus curiae letter to a trial judge presiding over a family-law case. *Paulsen*, 455 S.W.3d at 194. An attorney representing one of the parties in the case sent a letter to the law professor's employer, one of his colleagues, and the Office of the Chief Disciplinary Counsel of the State Bar of Texas accusing him of misconduct. *Id*. The professor sued the attorney for tortious interference and defamation based on the letter. *Id*. In his third amended petition, the professor divided his defamation claim into two separate counts. *Id*. While the first count reasserted the allegations regarding the letters, the second count alleged that a facsimile was sent to the Chief Disciplinary Counsel's office a day after the letter was sent that included a cover sheet that referred to the professor's "recent conduct" and included his bar number. *Id*. Behind the cover sheet was a copy of the original letter. *Id*. The professor asserted the cover sheet was an attempt to suggest professional misconduct and to cause that office to initiate an investigation. *Id*. Based on the amended petition, the attorney filed a motion to dismiss under the TCPA, arguing the claim was related to her right to petition the State Bar. *Id*.

The professor responded that her motion was untimely because a new legal action had not been asserted. *Id.*, at 195. The trial court denied the attorney's motion to dismiss. *Id.*

The attorney filed an interlocutory appeal of the trial court's denial of her motion to dismiss, contending the defamation claim involving the cover sheet was a "legal action" under the TCPA that reset the 60-day period for filing a motion to dismiss. *Paulsen*, 455 S.W.3d at 197. In reaching its decision, the court of appeals noted that permitting the 60-day period "to be reset each time a party amended a petition or counterclaim, regardless of whether new claims or parties have been introduced, would frustrate the expressed legislative purpose of the TCPA, 'which is to allow a defendant *early in the lawsuit* to dismiss claims that seek to inhibit a defendant's constitutional rights to petition, speak freely, associate freely, and participate in government as permitted by law.'" [Emphasis in original]. *Id.*, (*quoting In re Estate of Check*, 438 S.W.3d at 836). The court acknowledged that the third amended petition alleged for the first time that the fax cover letter was transmitted on a separate date but emphasized that "[f]rom the outset of [the professor's] lawsuit," his suit was premised on the transmission of the original letter to the Office of Chief Disciplinary Counsel. *Id.*, at 198. In holding a new legal action was not asserted, the court stated that despite the additional details included in the third amended petition attempting to distinguish and create two distinct defamation claims, the petition relied on the same essential factual allegations as the claim in his original petition, and therefore adding the "new" claim did not reset the 60-day deadline under the TCPA. *Id.* Because the attorney's motion to dismiss was filed more than 60 days after the professor's original petition, her motion was untimely. *Id.*

Here, Appellants are similarly arguing that a "new" claim was asserted when Appellee attempted to distinguish his claims for conversion and theft of corporate assets. "Conversion" is

8

the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another in denial of or inconsistent with the owner's rights. *Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 386 (Tex.App.—Houston [14th Dist.] 2015, no pet.)(*citing Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971)). Similarly, a person commits the offense of theft if "he unlawfully appropriates property with intent to deprive the owner of property." TEX.PENAL CODE ANN. § 31.03(a). Conversion and theft are both means by which a person "unlawfully appropriates property with intent to deprive the owner of property." *Karbach v. Markham*, No. 03-06-00636-CV, 2009 WL 3682604, at *8 (Tex.App.—Austin Nov. 6, 2009, no pet.)(mem. op.).

In his Fourth Amended Petition, in a section entitled "Conversion Against All Defendants Except CHANDNI I," Appellee asserted the Appellants: (1) knowingly and without corporate authority fraudulently took and converted monies and loan proceeds from Chandni I and its shareholders, specifically asserting they distributed $1.8 million of Chandni I's assets to themselves; (2) misused their positions as managers and directors of Chandni I to willfully and maliciously take and convert corporate monies and loan proceeds of Chandni I and used them to purchase competing hotels, real property, and other assets for their own benefit and to the detriment of Chandni I and its shareholders; and (3) took these monies in violation of Chandni I's and the shareholder's rights to the funds. In his Fifth Amended Petition, Appellee splits this claim into two. Under his second cause of action, entitled "Conversion Against All Defendants Except CHADNI I," Appellee asserted the Appellants: (1) misused their corporate positions to distribute loan proceeds in the amount of $1.8 million to themselves and used them to purchase real property and hotels; and (2) did so without corporate authority and with the intent to deprive Chandni I of

9

its assets and loan proceeds. Under his third cause of action, entitled "Theft Pursuant to the Texas Theft Liability Act Against All Defendants Except CHANDNI I," Appellee asserted the Appellants: (1) knowingly and without corporate authority took and converted Chandni I's monies and loan proceeds for their own use and benefit; (2) willfully and maliciously converted Chandni I's monies and loan proceeds in the amount of $1.8 million to purchase several hotels, other real properties, and assets for their own benefit and to the detriment of Chandni I; and (3) wrongfully took the monies for their own use.

While these claims have some differences in word order, phrasing, and structure, the same essential factual allegations are asserted that were previously asserted in the Fourth Amended Petition. As was the case in *Paulsen*, an attempt to split a claim into two distinct but essentially identical claims that are both based on the same essential underlying facts as the original claim does not assert a new legal action resetting the 60-day TCPA filing deadline. *Paulsen*, 455 S.W.3d at 198. To hold otherwise would subvert the stated purpose of the act, which is to provide for the *early* dismissal of claims that seek to inhibit a defendant's constitutional rights to petition, speak freely, associate freely, and participate in government as permitted by law. *See id*; *see also Deaver v. Desai*, 483 S.W.3d 668, 672 (Tex.App.—Houston [14th Dist.] 2015, no pet.)("The [TCPA] attempts to protect the rights of these citizens by providing for the quick and inexpensive dismissal of meritless lawsuits."). While Appellants urge that new facts were also raised in the theft claim, they have not pointed to new *essential* facts and simply cite to a combination of additional details and facts that were already asserted in the Fourth Amended Petition. In both his Fourth and Fifth Amended Petitions, Appellee asserted the Appellants misused their corporate positions to wrongfully and knowingly distribute $1.8 million of Chandni I assets and loan

proceeds to themselves, used those wrongfully obtained funds to purchase real property and other assets for their own benefit, and did so in violation of Chandni I's and the shareholders' rights to the distributed funds. Because additional factual details in a subsequent petition do not reset the TCPA clock if the essential factual allegations as to the claim were present in the prior petition, Appellants have failed to show the motion to dismiss the theft claim under the TCPA was timely. *In re Estate of Check*, 438 S.W.3d at 837; *Paulsen*, 455 S.W.3d at 198. Accordingly, Appellants' first issue is overruled.

### Relating to the Exercise of the Right to Petition

In their third issue, Appellants contend Appellee's shareholder inspection claim was based on, related to, or was made in response to their exercise of the right to petition because the complained-of communications were made during or pertained to a judicial proceeding. Specifically, they contend an email in which Appellants' counsel rebuffed a request for a shareholder inspection was a communication pertaining to a judicial proceeding.

#### *Applicable Law*

As noted above, the TCPA authorizes a party to file a motion to dismiss if the claim against it relates to its exercising the right of free speech, petition, or association. TEX.CIV.PRAC.&REM.CODE ANN. § 27.003. The moving party must show by a preponderance of the evidence that the claim relates to the exercise of those rights. *Id*., at § 27.005. In making its ruling, the court will consider the pleadings and supporting and opposing affidavits. *Id*., at § 27.006; *see also Pena v. Perel*, 417 S.W.3d 552, 556 (Tex.App.—El Paso 2013, no pet.).

The "exercise of the right to petition," as relates to this case, is defined as a communication in or pertaining to a judicial proceeding. *Id*., at § 27.001(4)(A). A "communication" is defined

11

as including "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.*, at § 27.001(1).

Once a defendant has carried his initial burden to establish that the claims against him are covered by the TCPA, the burden shifts to the plaintiff to present a prima facie case for each element of his claim by clear and specific evidence to avoid mandatory dismissal. TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(c). If the plaintiff is able to make such a showing, the defendant may still obtain a dismissal under the act by establishing each essential element of a valid defense. *Id.*, at § 27.005(d).

*Analysis*

In his Fifth Amended Petition, Appellee raised a claim for shareholder inspection. In it, he asserted he had his request to inspect Chandni I's records refused even though he was entitled as a shareholder to view them under Texas Business Organizations Code § 21.218. Specifically, he contended that in November 2017 he served a written demand for a shareholder inspection that Appellants denied. Appellants argue that the request was made in the context of a lawsuit after discovery had already occurred and that the shareholder inspection request was actually a discovery request. Thus, the email from counsel replying to the request was a communication regarding discovery and was part of a judicial proceeding. Appellants acknowledge that the TCPA does not define "judicial proceeding," but cite several cases they assert stand for the proposition that communications related to discovery requests and discovery responses are communications made in a judicial proceeding.

Those cases are distinguishable, however, in that they involve claims arising out of the act of filing a lawsuit, serving discovery responses and subpoenas, and pre-suit demand letters

12

threatening to file suit.[3]  Here, the letter requesting shareholder inspection, sent via facsimile, stated in pertinent part:

> The purpose of this letter is to serve as written demand under Texas Business Organizations Code § 21.218.  As you know, Dharmesh Patel[] is a shareholder of Chandni I, Inc. As a shareholder, Mr. Patel has a right, upon written demand stating a proper purpose, to examine and copy any relevant books, records of account, minutes, and share transfer records.
>
> Mr. Patel's purpose in making this demand for inspection includes ascertaining the financial condition of the corporation, determining the value of shares, and investigating company management, waste of corporate assets, self-dealing or other wrongdoing.
>
> As a result, we are requesting an inspection date of December 18, 2017 at 1:00 p.m.   If you have any questions or comments, please do not hesitate to call.

Appellants assert the demand was actually a discovery request, and their response to this demand was a covered communication under the TCPA because it was a response to a discovery request. The response, sent via email from Appellants' counsel, refused the request for inspection but suggested they would allow the inspection if Appellee provided additional legal authority to support his request.

But the demand, and the response to it, did not involve a discovery request; it was a demand to exercise a statutory right that does not derive from a judicial proceeding but is based on the relationship between a shareholder and a corporation.   The mere fact that judicial review of the issue *could* occur if an agreement was not reached does not automatically make it a matter related to a judicial proceeding.  *See Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d 724, 729

---

[3] *See Collins v. Collins*, No. 01-17-00817-CV, 2018 WL 1320841, at *4 (Tex.App.—Houston [1st Dist.] Mar. 15, 2018, pet. denied)(mem. op.)(holding a claim for fraud based on defendant's serving affidavits and discovery responses in a prior divorce proceeding was covered by the TCPA as an exercise of the right to petition); *Cavin v. Abbott*, 545 S.W.3d 47, 64 (Tex.App.—Austin 2017, no pet.)(holding that filing a lawsuit and using discovery subpoenas in those lawsuits was an exercise of the right to petition); *Long Canyon Phase II and III Homeowners Assn., Inc. v. Cashion*, 517 S.W.3d 212, 220-21 (Tex.App.—Austin 2017, no pet.)(holding that a pre-suit demand letter threatening suit sent by a housing association was an exercise of the right to petition).

(Tex.App.—Dallas 2016, pet. denied)(demand letter accusing defendant of defamation and threatening to sue if the parties could not settle the issue did not implicate right to petition because the letters (1) sought to avoid judicial review through settlement, and (2) the phrase "pertaining to" a judicial proceeding does not include anticipated or future judicial proceedings). Further, although the parties here were engaged in litigation on separate issues at the time, the demand and the response involved an issue outside of the pending judicial proceeding. The mere fact that the parties were involved in litigation does not mean every subsequent action between them that could result in further litigation relates to or arises out of the judicial proceeding. *See id.*, at 728 (stating that the "meaning of 'a judicial proceeding' is an actual, pending judicial proceeding."), *see also Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 286-87 (Tex.App.—Dallas 2015, pet. denied)(employer's statement to former employee that employee was not entitled to workers' compensation for dismissal was made outside of the contested hearing before the Division of Workers' Compensation and therefore did not constitute an exercise of the right to petition). Appellants' email denying the inspection request was not, therefore, a statement made in a judicial proceeding or pertaining to one: it was a denial of a demand for shareholder inspection. Accordingly, the addition of the claim for shareholder inspection to Appellee's Fifth Amended Petition was not based on, related to, or made in response to Appellants' exercise of the right to petition. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.003(a). The trial court did not err in denying Appellants' motion to dismiss the shareholder inspection claim, and Appellants' third issue is overruled.

**Remaining Issues**

14

Because we have concluded that Appellants have not met their burden to show their TCPA motion to dismiss the fraud and theft claims was timely filed, and that Appellants' motion to dismiss the shareholder inspection claim was not based on the exercise of the right to petition, we need not address Appellants' contentions regarding whether Appellee had established a prima facie case (Issue Two) or whether Appellants met their burden of proof in establishing a valid defense to Appellee's prima facie case (Issue Four). *See Sutterfield*, 482 S.W.3d at 287 (holding the court of appeals need not address the second prong of the TCPA when the movant fails to meet his burden of proof to show the allegations were based on the exercise of his right to free speech, petition, or association). Accordingly, Issues Two and Four are overruled. Additionally, because we have determined the trial court did not err in denying Appellants' motions to dismiss under the TCPA, Appellants are not entitled to costs, attorney's fees, or expenses, and Issue Five is overruled as well. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.009 (moving party entitled to costs, attorney's fees, and other expenses only if motion to dismiss is granted).

## CONCLUSION

Having overruled Issues One through Five, the judgment of the trial court is affirmed.


December 13, 2019

YVONNE T. RODRIGUEZ, Justice

Before Rodriguez, J., Palafox, J., and McClure, Senior Judge
McClure, Senior Judge (Sitting by Assignment)