

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERTO PENA, | § | No. 08-12-00275-CV |
| Appellant, | § | Appeal from |
| v. | § | 34th District Court |
| BOBBY PEREL, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 2012-DCV01975) |
| | § | |

## **O P I N I O N**

Roberto Pena appeals an order dismissing his suit against Bobby Perel pursuant to Section 27.003 of the Texas Citizen Participation Act. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.003 (West Supp. 2012). We affirm.

### **FACTUAL SUMMARY**

According to his pleadings, Pena was indicted with two counts of intoxication manslaughter and two counts of failure to stop and render aid which resulted from a motor vehicle accident that occurred in 2001. Pena retained Dolph Quijano, Jr. to represent him. On the advice of counsel, Pena entered an open plea of guilty before a jury. The jury found Pena guilty of each count and assessed his punishment at a fine of $10,000 and imprisonment for twenty years for each intoxication manslaughter count and a $5,000 fine and imprisonment for

five years for each failure to stop and render aid count. After sentencing, Pena was transferred to TDCJ-ID.

With the assistance of his wife, Pena began buying and running advertisements in both English and Spanish language local newspapers and distributing flyers critical of Quijano. Pena also "ran radio broadcasts" through a local Christian radio station about Quijano. In response, Quijano retained counsel, Bobby Perel, to represent him. Perel sent letters to both the local newspapers and to the Texas Board of Pardons and Paroles informing the Board of the defamatory nature of the advertisements and flyers distributed by Pena. In April 2010, Perel sent a letter to the Texas Board of Pardons and Parole expressing his opinion that Pena had failed to take responsibility for causing the death of the victims and had instead blamed his lawyers, investigators, and the legal system. The letter also informed the Board that Pena was responsible for pamphlets circulated in El Paso and "vicious ads" published in an El Paso newspaper laying blame for his actions on his attorney. Perel requested that the Board consider his comments when deciding whether to parole Pena.

On January 30, 2012, Pena filed a pro se lawsuit against both Quijano and Perel. The petition alleges several causes of action against Quijano including legal malpractice. Pena also alleges that Quijano and Perel conspired to slander and defame him by sending the letter to the Board of Pardons and Parole. Perel filed a motion to dismiss pursuant to Section 27.003 of the Texas Practices and Civil Remedies Code[1] asserting that the suit is based solely on Perel's exercise of his rights to free speech and petition. The trial court set the motion for a hearing and Pena requested that the court issue a bench warrant so he could attend the hearing. The court denied Pena's request for a bench warrant and granted the motion to dismiss.

---

[1] TEX.CIV.PRAC.&REM.CODE ANN. § 27.003.

Pursuant to Section 27.007,[2] the trial court issued the following written findings of fact:

1) Defendant's Motion to Dismiss is GRANTED. The motion falls within the parameters of Section 27.001 of the Civil Practice and Remedies Code.

2) The legal action was brought to deter or prevent Defendant Perel from exercising his constitutional rights.

3) The legal action was brought for an improper purpose, either to harass or to cause unnecessary delay or to increase the cost of litigation.

4) The Plaintiff has not established by clear and specific evidence a prima facie case for each essential element of the claims in question.

5) In the interest of justice and equity and based on findings (2) and (3), the Court orders Petitioner to pay court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action in the amount of $ __0__ .

6) The Court denies Plaintiff's Motion for Bench Warrant. The Court has considered the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based. Plaintiff's appearance is not necessary for the reason stated above and that Plaintiff's claims are not substantial. Further, the Court finds that all admissible, noncumulative testimony can be effectively presented without Plaintiff's presence before this Court.

Pena timely filed notice of appeal within sixty days after the court signed the order dismissing his suit against Perel. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.008(a).

**APPLICABILITY OF THE TCPA**

In his first issue, Pena argues that Chapter 27 is inapplicable to this action because the conduct which forms the basis of the suit occurred prior to the effective date of the law. The Legislature enacted Chapter 27, which is also known the Texas Citizen Participation Act, in 2011. Acts 2011, 82nd, Leg., R.S., ch. 341, § 1, 2011 TEX.GEN.LAWS 960 [TEX.CIV.PRAC.& REM.CODE ANN. §§ 27.001-27.011 (West Supp. 2012)]. The enabling legislation provides that: "The change in law made by this Act applies only to a legal action filed on or after the effective date [June 17, 2011] of this Act. A legal action filed before the effective date of this Act is

---

[2] TEX.CIV.PRAC.&REM.CODE ANN. § 27.007.

governed by the law in effect immediately before the date, and that law is continued in effect for that purpose. Acts 2011, 82nd Leg., R.S., ch. 341 § 3, 2011 TEX.GEN.LAWS 963. Section 27.001(6) defines "legal action" as a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief. TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(6)(West Supp. 2012). Because Pena filed his original petition against Perel on January 30, 2012, several months after the effective date of the TCPA, the Act is applicable. Issue One is overruled.

## EXEMPTION

In Issue Two, Pena contends that the trial court erred by dismissing the suit against Perel because it is exempt from application of the TCPA. Section 27.010 sets forth three exemptions, but Pena relies only on Section 27.010(b) which provides that:

> (b)  This chapter does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

TEX.CIV.PRAC.&REM.CODE ANN. § 27.010(b)(West Supp. 2012).

This section can be described as a "commercial speech" exemption. *See Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, No. 01-12-00581-CV, 2013 WL 1867104, at *12 (Tex.App.--Houston [1st Dist.], May 2, 2013, no pet. h.), *citing Simpson Strong-Tie Co., Inc. v. Gore*, 230 P.3d 1117 (Cal. 2010)(interpreting similar "commercial speech" provision under California anti-SLAPP law). The burden of proving the applicability of an exemption under Section 27.010 is on the party asserting it. *See Newspaper Holdings*, 2013 WL 1867104, at *12-13.

Pena's suit against Perel is based on a letter Perel sent to the Texas Board of Pardons and Parole. The letter does not arise out of the sale or lease of goods, services, or an insurance product or a commercial transaction. Further, the Board of Pardons and Parole is not an actual or potential buyer or customer of any goods or services sold by Perel. Pena failed to prove that the exemption provided by Section 27.010(b) is applicable to this case. Issue Two is overruled.

## SEVERANCE

In Issue Three, Pena argues that the trial court abused its discretion by severing the claims against Perel from the claims against Quijano. In order to present an issue on appeal, the record must show that the appellant made the complaint to the trial court by a timely and specific request, objection, or motion. TEX.R.APP.P. 33.1. Pena asserts that he could not have objected because no motion to sever was filed and he was not present at the hearing on the motion to dismiss. He could have, however, brought the issue to the attention of the trial court in a motion for new trial, but failed to do so. Consequently, it is not preserved. *See Gammill v. Fettner*, 297 S.W.3d 792, 803 (Tex.App.--Houston [14th Dist.] 2009, no pet.)(holding that appellants waived complaint regarding severance error because they did not object to the severance in the trial court). Issue Three is overruled.

## DENIAL OF BENCH WARRANT REQUEST

In his final issue, Pena contends that the trial court abused its discretion by denying his request for a bench warrant.

A trial court's denial of a bench warrant motion is reviewed for an abuse of discretion. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). A trial court abuses its discretion only when it acts without reference to any guiding rules or principles, or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), *cert.*

*denied*, 476 U.S.1159 (1986). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

An inmate does not have the absolute right to appear at a hearing. *In re Z.L.T.*, 124 S.W.3d at 165. Rather, the burden falls on the inmate to justify the need for his presence at a hearing. *Id.* Texas courts of appeals have recognized a variety of factors that trial courts should consider when deciding whether to grant an inmate's request for a bench warrant. *Id.* These factors include the cost and inconvenience of transporting prisoners to courtrooms; the security risk the prisoner may present to the courtroom as well as the public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release; whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether the prisoner's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the prisoner's probability of success on the merits. *Id.* at 165-66.

The trial court denied the motion for bench warrant because the court based its decision on the motion to dismiss on the pleadings as well as the supporting and opposing affidavits. The court specifically found that all admissible, noncumulative testimony could be effectively presented without Pena's presence and that Pena's claims were not substantial. Pena's motion asserted that his presence was necessary because he is not well-versed in the English language and he would like an opportunity to respond to the motion to dismiss through an interpreter at the hearing. By statute, the trial court's decision on a motion to dismiss under Section 27.003 is not based on live testimony or the argument presented at the hearing but instead must be based on the pleadings and the supporting and opposing affidavits. *See* TEX.CIV.PRAC.&REM.CODE ANN.

§ 27.006(a). Pena did not carry his burden of showing the necessity for his attendance at the hearing. *See In re Z.L.T.,* 124 S.W.2d at 166 (defendant's request for a bench warrant included no information by which the court could assess the necessity of his appearance and although defendant listed the relevant factors to be considered, defendant failed to provide any factual information showing why his interest in appearing in court outweighed the impact on the correctional system). We conclude that the trial court did not abuse its discretion by denying the motion for a bench warrant. Issue Four is overruled. Having overruled each issue presented on appeal, we affirm the judgment of the trial court.

August 28, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.