

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHANDNI, INC., A Texas Corporation; | § | |
| HARSHAD PATEL, An Individual; | | No. 08-18-00108-CV |
| SUNIL PATEL, An Individual; MANISH | § | |
| VANMALI, An Individual, | | Appeal from the |
| | § | |
| Appellants, | | 34th District Court |
| | § | |
| v. | | of El Paso County, Texas |
| | § | |
| DHARMESH PATEL, | | (TC# 2014DCV0778) |
| | § | |
| Appellee. | | |

## **O P I N I O N**

This case involves an interlocutory appeal from the trial court's denial of Appellants'

motion to dismiss under the Texas Citizens Participation Act (TCPA). In four issues, Appellants

contend: (1) the trial court erred in denying their timely-filed motion to dismiss because

Appellee's claims for theft, fraud, conspiracy, and statutory fraud are based on, relate to, or are in

response to Appellants' exercise of their right of free speech or association and thus fell within the

scope of the TCPA; (2) Appellee failed to establish by clear and specific evidence a prima facie

case on each essential element of his claims; (3) Appellee's shareholder inspection claim was based

on, related to, or was made in response to Appellants' exercise of the right to petition because the

complained-of communications were made during or pertained to a judicial proceeding; and (4)

Appellants are entitled to costs, attorney's fees, and expenses.[1]  We affirm.

## BACKGROUND

This appeal arises out of a shareholder derivative suit brought by Dharmesh Patel against the managers and directors of Chandni, Inc., a corporation that owns and manages a Motel 6 in El Paso, Texas.  The facts are mostly procedural.  Dharmesh filed his original petition on March 10, 2014, asserting claims for fraud and conversion, among other causes.  He amended his petition three times.  In his Second Amended Petition, filed on February 15, 2017, he included causes of action for fraud against several of the managers and directors individually, including Harshad Patel, Sunil Patel, and Manish Vanmali.  He also asserted claims for conversion and aiding and abetting against all defendants, except for Chandni, individually and derivatively.  In his Third Amended Petition, filed on November 13, 2017, he again asserted causes of action for fraud against Harshad, Sunil, and Manish individually, and he again brought his conversion and aiding and abetting claims against all defendants except Chandni individually and derivatively. His fourth and final amended petition was filed on March 12, 2018, asserting causes of action for fraud and statutory fraud against Harshad, Sunil, and Manish individually, as well as conversion, theft, aiding and abetting, and conspiracy claims against all defendants except Chandni individually and derivatively, and a new claim for shareholder inspection.  Nearly two months later, on May 7, 2018, Appellants filed a motion to dismiss under the Texas Citizens Participation Act (TCPA), asserting that the claims for fraud, statutory fraud, theft, conspiracy, and shareholder inspection were made in response to their exercise of their rights to freedom of speech, association, and petition.  The trial court denied the motion and set a hearing for the purpose of assessing fees,

---

[1] Although Appellants do not list their request for costs, attorney's fees, and expenses as an issue presented, they do raise and brief the issue.

costs, expenses, and sanctions against Appellants as required under the TCPA.   Appellants then filed this interlocutory appeal.

## DISCUSSION
### Timeliness Under the TCPA

In their first issue, Appellants contend the trial court erred in denying their timely-filed motions to dismiss under the TCPA.   Appellee contends that their motions to dismiss his fraud, statutory fraud, theft, and conspiracy claims were untimely because those claims had already been raised in previous petitions and therefore the 60-day deadline for filing for dismissal under the TCPA had already passed.   Because further analysis of the issue is unnecessary if the motions were untimely, we address timeliness first.[2]

### *Standard of Review*

We review a trial court's ruling on a motion to dismiss de novo.   *MVS International Corporation v. International Advertising Solutions, LLC*, 545 S.W.3d 180, 190 (Tex.App.—El Paso 2017, no pet.).

### *Applicable Law*

The Texas Citizen's Participation Act (TCPA) authorizes a party to file a motion to dismiss if the claim against him relates to his exercising his right of free speech, petition, or association. TEX.CIV.PRAC.&REM.CODE ANN. § 27.003.   A defendant wanting to take advantage of the statute must file a motion to dismiss within 60 days after the date of service of the "legal action" he seeks to have dismissed.   TEX.CIV.PRAC.&REM.CODE ANN. § 27.003(b).

The Legislature has defined "legal action" in the context of the TCPA to mean "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or

---

[2] Appellee does not contend Appellants' motion to dismiss the shareholder inspection claim was untimely.

3

filing that requests legal, declaratory, or equitable relief." TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(6). Thus, an amended petition asserting new claims based upon new factual allegations will reset a TCPA deadline as to the new legal action. *Jordan v. Hall*, 510 S.W.3d 194, 198 (Tex.App.—Houston [1st Dist.] 2016, no pet.). But an amended petition, by itself, does not reset the 60-day clock if it adds no new claims and relies upon the same factual allegations underlying the original petition. *Id*. Additional factual details in a subsequent petition also do not reset the TCPA clock if the essential factual allegations as to the claim were present in the prior petition. *In re Estate of Check*, 438 S.W.3d 829, 837 (Tex.App.—San Antonio 2014, no pet.)(acknowledging that to hold otherwise would negate the early dismissal envisioned by the statute); *see also Paulsen v. Yarrell*, 455 S.W.3d 192, 198 (Tex.App.—Houston [1st Dist.] 2014, no pet.)(plaintiff filed suit over an allegedly defamatory fax, then in subsequent petition added an additional claim for defamation regarding information on the cover letter of the defamatory fax; court held that despite plaintiff's attempt to divide his defamation claims into two, the amended petition relied on the same essential factual allegations as the original petition), *superseded by statute on other grounds as stated in Jordan*, 510 S.W.3d at 198; *Mancilla v. Taxfree Shopping, Ltd.*, No. 05-18-00136-CV, 2018 WL 6850951, at *3 (Tex.App.—Dallas Nov. 16, 2018, no pet.)(mem. op.)(holding additional details in a subsequent petition do not restart the 60-day clock if the same essential factual allegations as to the claim were present in an earlier petition.).

### *Analysis*

Appellants contend they timely filed a motion to dismiss the statutory fraud, conspiracy and Texas Theft Liability Act claims asserted in Appellee's Fourth Amended Petition. Appellee, however, asserts these claims were the same claims raised in his prior petitions and relied on the

4

same essential factual allegations.

*The Theft Claim*

Appellants assert Appellee's claim for theft under the Texas Theft Liability Act in his Fourth Amended Petition was a new legal action that served to reset the 60-day deadline under the TCPA. Because it was a newly-asserted legal action, they assert they had sixty days to file their motion to dismiss that cause under the TCPA. The Fourth Amended Petition was filed on March 12, 2018 and Appellants' motion to dismiss under the TCPA was filed on May 7, 2018. If the theft claim was indeed a new legal action, their motion to dismiss was timely. TEX.CIV.PRAC.&REM.CODE ANN. § 27.003(b).

Specifically, Appellants contend the theft claim requires proof of wrongful intent to deprive, which was not an element of the conversion claim previously asserted in the Third Amended Petition. Appellee contends, however, that the theft claim was alleged as conversion in the Third Amended Petition and asserts the same elements were plead and the same essential factual allegations were asserted; the mere fact that the claim was labeled theft instead of conversion does not reset the 60-day clock.

A similar issue was addressed by our sister court in *Paulsen*, which involved claims for defamation. In *Paulsen*, a law professor submitted an amicus curiae letter to a trial judge presiding over a family-law case. *Paulsen*, 455 S.W.3d at 194. An attorney representing one of the parties in the case sent a letter to the law professor's employer, one of his colleagues, and the Office of the Chief Disciplinary Counsel of the State Bar of Texas accusing him of misconduct. *Id*. The professor sued the attorney for tortious interference and defamation based on the letter. *Id*. In his third amended petition, the professor divided his defamation claim into two separate

5

counts.  *Id*.  While the first count reasserted the allegations regarding the letters, the second count alleged that a facsimile was sent to the Chief Disciplinary Counsel's office a day after the letter was sent that included a cover sheet that referred to the professor's "recent conduct" and included his bar number.  *Id*.  Behind the cover sheet was a copy of the original letter.  *Id*.  The professor asserted the cover sheet was an attempt to suggest professional misconduct and to cause that office to initiate an investigation.  *Id*.  Based on the amended petition, the attorney filed a motion to dismiss under the TCPA, arguing the claim was related to her right to petition the State Bar.  *Id*.  The professor responded that her motion was untimely because a new legal action had not been asserted.  *Id*., at 195.  The trial court denied the attorney's motion to dismiss.  *Id*.

The attorney filed an interlocutory appeal of the trial court's denial of her motion to dismiss, contending the defamation claim involving the cover sheet was a "legal action" under the TCPA that reset the 60-day period for filing a motion to dismiss.  *Paulsen*, 455 S.W.3d at 197.  In reaching its decision, the court of appeals noted that permitting the 60-day period "to be reset each time a party amended a petition or counterclaim, regardless of whether new claims or parties have been introduced, would frustrate the expressed legislative purpose of the TCPA, 'which is to allow a defendant *early in the lawsuit* to dismiss claims that seek to inhibit a defendant's constitutional rights to petition, speak freely, associate freely, and participate in government as permitted by law.'"  [Emphasis in original].  *Id*., (*quoting In re Estate of Check*, 438 S.W.3d at 836).  The court acknowledged that the third amended petition alleged for the first time that the fax cover letter was transmitted on a separate date but emphasized that "[f]rom the outset of [the professor's] lawsuit," his suit was premised on the transmission of the original letter to the Office of Chief Disciplinary Counsel.  *Id*., at 198.  In holding a new legal action was not asserted, the

6

court stated that despite the additional details included in the third amended petition attempting to distinguish and create two distinct defamation claims, the petition relied on the same essential factual allegations as the claim in his original petition, and therefore adding the "new" claim did not reset the 60-day deadline under the TCPA. *Id.* Because the attorney's motion to dismiss was filed more than 60 days after the professor's original petition, her motion was untimely. *Id.*

Here, Appellants are similarly arguing that a "new" claim was asserted when Appellee attempted to distinguish his claims for conversion and theft of corporate assets. "Conversion" is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another in denial of or inconsistent with the owner's rights. *Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 386 (Tex.App.—Houston [14th Dist.] 2015, no pet.)(*citing Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971)). Similarly, a person commits the offense of theft if "he unlawfully appropriates property with intent to deprive the owner of property." TEX.PENAL CODE ANN. § 31.03(a). Conversion and theft are both means by which a person "unlawfully appropriates property with intent to deprive the owner of property." *Karbach v. Markham*, No. 03-06-00636-CV, 2009 WL 3682604, at *8 (Tex.App.—Austin Nov. 6, 2009, no pet.)(mem. op.).

In his Third Amended Petition, in a section entitled "Conversion Against All Defendants Except CHANDNI," Appellee asserted the Appellants: (1) knowingly and without corporate authority fraudulently took and converted monies and loan proceeds from Chandni and its shareholders, specifically asserting they distributed $330,000.00 of Chandni's assets to themselves; (2) paid themselves distributions that were greater than they were entitled to while paying other shareholders, including Appellee, less than they were entitled to; and (3) took these

7

monies in violation of Chandni's and the shareholder's rights to the funds. In his Fourth Amended Petition, Appellee splits this claim into three separate claims and drops several defendants. Under his second cause of action, entitled "Conversion Against HARSHAD, SUNIL and MANISH," Appellee asserted the Appellants: (1) misused their corporate positions to distribute loan proceeds in the amount of $330,000.00 to themselves; and (2) did so without corporate authority and with the intent to deprive Chandni of its assets and loan proceeds. Under his third cause of action, entitled "Theft Pursuant to the Texas Theft Liability Act Against HARSHAD, SUNIL and MANISH," Appellee asserted the Appellants: (1) knowingly and without corporate authority took and converted Chandni's monies and loan proceeds for their own use and benefit; and (2) wrongfully and intentionally took the monies for their own use in repudiation of CHANDNI's right to the monies. In his eighth cause of action, also entitled "Theft Pursuant to the Texas Theft Liability Act Against HARSHAD, SUNIL and MANISH," Appellee asserted the Appellants: (1) paid themselves distributions that were greater than they were entitled to while paying other shareholders, including Appellee, less than they were entitled to; and (2) did so intentionally and in repudiation of Appellee's right to the monies.

While these claims have some differences in word order, phrasing, and structure, the same essential factual allegations are asserted that were previously asserted in the Third Amended Petition. As was the case in *Paulsen*, an attempt to split a claim into distinct but essentially identical claims that are based on the same essential underlying facts as the original claim does not assert a new legal action resetting the 60-day TCPA filing deadline. *Paulsen*, 455 S.W.3d at 198. To hold otherwise would subvert the stated purpose of the act, which is to provide for the *early* dismissal of claims that seek to inhibit a defendant's constitutional rights to petition, speak freely,

8

associate freely, and participate in government as permitted by law. *See id*; *see also Deaver v. Desai*, 483 S.W.3d 668, 672 (Tex.App.—Houston [14th Dist.] 2015, no pet.)("The [TCPA] attempts to protect the rights of these citizens by providing for the quick and inexpensive dismissal of meritless lawsuits."). While Appellants urge that new facts were also raised in the theft claim, they have not pointed to new *essential* facts and simply cite to a combination of additional details and facts that were already asserted in the Third Amended Petition. In both his Third and Fourth Amended Petitions, Appellee asserted the Appellants misused their corporate positions to wrongfully and knowingly distribute $330,000.00 of Chandni assets and loan proceeds to themselves, paid themselves distributions that were greater than they were entitled to while paying other shareholders less than they were entitled to, and did so in violation of Chandni's and the shareholders' rights to the distributed funds. Because additional factual details in a subsequent petition do not reset the TCPA clock if the essential factual allegations as to the claim were present in the prior petition, Appellants have failed to show the motion to dismiss the theft claim under the TCPA was timely. *In re Estate of Check*, 438 S.W.3d at 837; *Paulsen*, 455 S.W.3d at 198.

*The Conspiracy Claims*

Appellants assert the Fourth Amended Petition also included new claims for derivative and individual capacity civil conspiracy. Appellee contends the conspiracy allegations were already raised in his Third Amended Petition and contends the same elements were plead and the same essential factual allegations were asserted, with only additional details and the section title truly differentiating them.

In his Third Amended Petition, in a section entitled "Aiding and Abetting Against All Defendants Except CHANDNI," Appellee asserted the Appellants: (1) "pursued, or joined in the

9

pursuit of, a common course of conduct, and acted in concert with and conspired with one another, in furtherance of their common plan or design. In addition to the wrongful conduct herein alleged as giving rise to primary liability, the INDIVIDUAL DEFENDANTS further aided and abetted and/or assisted each other in breach of their respective duties as herein alleged;" (2) "conspired" with each other in furtherance of their fraudulent scheme and took actions to conceal their unlawful conduct; (3) acting with knowledge of the wrongdoing, substantially assisted the accomplishment of that wrongdoing and were aware of their overall individual contribution; and (4) committed the acts alleged "in furtherance of the conspiracy, common enterprise, and common course of conduct complained of herein." In his Fourth Amended Petition, in a section entitled "Aiding and Abetting and Conspiracy Liability Against HARSHAD, SUNIL and MANISH," Appellee asserted the named Appellants: (1) "pursued, or joined in the pursuit of, a common course of conduct, and acted in concert with and conspired with one another, in furtherance of their common plan or design;" (2) had the intent to assist each other in the conduct, which they knew to be wrongful, and thus aided and abetted each other in the pursuit of that conduct; (3) joined together with intent to further their unlawful purpose; and (4) did act to further that unlawful purpose.

As was true with the theft and conversion claims in the previous section, claims that have some differences in word order, phrasing, and structure, but do not add new claims or essential factual allegations, do not serve to reset the 60-day filing deadline under the TCPA. *See Paulsen*, 455 S.W.3d at 198. Changing the title of a section in a pleading without adding additional claims or essential factual allegations, as occurred here, also does not serve to allege a new legal action that resets the 60-day filing deadline under the TCPA. *See id*.; *In re Estate of Check*, 438 S.W.3d at 837. Because the same essential factual allegations are asserted regarding Appellants' alleged

10

conspiracy and aiding and abetting that were previously asserted in the Third Amended Petition, Appellants have failed to show the motion to dismiss the civil conspiracy claim under the TCPA was timely.

*The Fraud and Statutory Fraud Claim*

Appellants assert the Fourth Amended Petition included new claims for fraud and statutory fraud against Harshad, Sunil, and Manish, and because it was a newly-asserted legal action it reset the 60-day deadline to file their motion to dismiss that cause under the TCPA.

But as Appellee correctly points out, the fraud and statutory fraud claims are the same claims he asserted in his Third Amended Petition and involve the same factual allegations and elements; the only difference is the Fourth Amended Petition divided the original claim into two. The Third Amended Petition, in a section entitled "Fraud-As to HARSHAD, SUNIL, ASHWIN and MANISH," asserts the Appellants: (1) utilized their positions as managers and directors of Chandni to obtain loans using corporate assets as collateral and then improperly distributed the proceeds into their personal accounts or used the proceeds to invest in competing enterprises; (2) made distributions from Chandni to themselves but not to other shareholders, disguising the distributions as loans; (3) utilized their positions to pay themselves officer compensation from Chandni without corporate authority; (4) concealed their activities by not providing information and access to corporate records; (5) misappropriated and comingled Chandni's corporate funds with their own monies; (6) underreported earnings and personally took cash proceeds without authorization; and (7) improperly made distributions to shareholders in amounts unequal to their respective ownership interests. The petition further asserts these acts were done deliberately and that the Appellants had misrepresented and concealed corporate information from Appellee, and

11

that Appellee was induced through his trust in the Appellants to invest monies in their enterprise, which he would not have done absent the concealment. The petitions also asserted Appellee had, as a result of their fraud, lost monies he would have received as distributions as a shareholder. These same causes and factual theories are asserted derivatively in the Fourth Amended Petition under the section, "Fraud-As to HARSHAD, SUNIL, ASHWIN and MANISH."

Appellants contend, however, that a new legal action was raised under a separate section in the Fourth Amended Petition entitled "Common Law Fraud and Statutory Fraud [P]ursuant to Tex. Bus. & Com. Code § 27.01-As to HARSHAD, SUNIL and MANISH." But no new claims or factual theories were raised in that section. Appellee simply reasserted: (1) that he relied on his trust in the Appellants in his decision to invest in their venture; (2) that the Appellants intentionally misrepresented and concealed information from him; (2) that these representation were made with the intent to induce and did induce him to invest in their venture; and (3) that he lost monies he would have received as a shareholder. The same essential factual theories underlie this claim as were asserted in the prior petition. Because no new claims were added in the Fourth Amended Petition against Appellants and the claim asserted relied upon the same factual allegations underlying the Third Amended Petition, the 60-day deadline was not reset as to the fraud claim and Appellants' motion to dismiss was untimely. *See Paulsen*, 455 S.W.3d at 198; *Jordan*, 510 S.W.3d at 198. Accordingly, Appellants' first issue is overruled.

**Relating to the Exercise of the Right to Petition**

In their third issue, Appellants contend Appellee's shareholder inspection claim was based on, related to, or was made in response to their exercise of the right to petition because the complained-of communications were made during or pertained to a judicial proceeding.

12

Specifically, they contend an email in which Appellants' counsel rebuffed a request for a shareholder inspection was a communication pertaining to a judicial proceeding.

### *Applicable Law*

As noted above, the TCPA authorizes a party to file a motion to dismiss if the claim against it relates to its exercising the right of free speech, petition, or association. TEX.CIV.PRAC.&REM.CODE ANN. § 27.003. The moving party must show by a preponderance of the evidence that the claim relates to the exercise of those rights. *Id*., at § 27.005. In making its ruling, the court will consider the pleadings and supporting and opposing affidavits. *Id*., at § 27.006; *see also Pena v. Perel*, 417 S.W.3d 552, 556 (Tex.App.—El Paso 2013, no pet.).

The "exercise of the right to petition," as relates to this case, is defined as a communication in or pertaining to a judicial proceeding. *Id*., at § 27.001(4)(A). A "communication" is defined as including "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id*., at § 27.001(1).

Once a defendant has carried his initial burden to establish that the claims against him are covered by the TCPA, the burden shifts to the plaintiff to present a prima facie case for each element of his claim by clear and specific evidence to avoid mandatory dismissal. TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(c). If the plaintiff is able to make such a showing, the defendant may still obtain a dismissal under the act by establishing each essential element of a valid defense. *Id*., at § 27.005(d).

### *Analysis*

In his Fourth Amended Petition, Appellee raised a claim for shareholder inspection. In it, he asserted he had his request to inspect Chandni's records refused even though he was entitled as

13

a shareholder to view them under Texas Business Organizations Code § 21.218. Specifically, he contended that in November 2017 he served a written demand for a shareholder inspection that Appellants denied. Appellants argue that the request was made in the context of a lawsuit after discovery had already occurred and that the shareholder inspection request was actually a discovery request. Thus, the email from counsel replying to the request was a communication regarding discovery and was part of a judicial proceeding. Appellants acknowledge that the TCPA does not define "judicial proceeding," but cite several cases they assert stand for the proposition that communications related to discovery requests and discovery responses are communications made in a judicial proceeding.

Those cases are distinguishable, however, in that they involve claims arising out of the act of filing a lawsuit, serving discovery responses and subpoenas, and pre-suit demand letters threatening to file suit.[3] Here, the letter requesting shareholder inspection, sent via facsimile, stated in pertinent part:

> The purpose of this letter is to serve as written demand under Texas Business Organizations Code § 21.218. As you know, Dharmesh Patel[] is a shareholder of Chandni, Inc. As a shareholder, Mr. Patel has a right, upon written demand stating a proper purpose, to examine and copy any relevant books, records of account, minutes, and share transfer records.

> Mr. Patel's purpose in making this demand for inspection includes ascertaining the financial condition of the corporation, determining the value of shares, and investigating company management, waste of corporate assets, self-dealing or other wrongdoing.

---

[3] *See Collins v. Collins*, No. 01-17-00817-CV, 2018 WL 1320841, at *4 (Tex.App.—Houston [1st Dist.] Mar. 15, 2018, pet. denied)(mem. op.)(holding a claim for fraud based on defendant's serving affidavits and discovery responses in a prior divorce proceeding was covered by the TCPA as an exercise of the right to petition); *Cavin v. Abbott*, 545 S.W.3d 47, 64 (Tex.App.—Austin 2017, no pet.)(holding that filing a lawsuit and using discovery subpoenas in those lawsuits was an exercise of the right to petition); *Long Canyon Phase II and III Homeowners Assn., Inc. v. Cashion*, 517 S.W.3d 212, 220-21 (Tex.App.—Austin 2017, no pet.)(holding that a pre-suit demand letter threatening suit sent by a housing association was an exercise of the right to petition).

As a result, we are requesting an inspection date of December 18, 2017 at 3:30 p.m. If you have any questions or comments, please do not hesitate to call.

Appellants assert the demand was actually a discovery request, and their response to this demand was a covered communication under the TCPA because it was a response to a discovery request. The response, sent via email from Appellants' counsel, refused the request for inspection but suggested they would allow the inspection if Appellee provided additional legal authority to support his request.

But the demand, and the response to it, did not involve a discovery request; it was a demand to exercise a statutory right that does not derive from a judicial proceeding but is based on the relationship between a shareholder and a corporation. The mere fact that judicial review of the issue *could* occur if an agreement was not reached does not automatically make it a matter related to a judicial proceeding. *See Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d 724, 729 (Tex.App.—Dallas 2016, pet. denied)(demand letter accusing defendant of defamation and threatening to sue if the parties could not settle the issue did not implicate right to petition because the letters (1) sought to avoid judicial review through settlement, and (2) the phrase "pertaining to" a judicial proceeding does not include anticipated or future judicial proceedings). Further, although the parties here were engaged in litigation on separate issues at the time, the demand and the response involved an issue outside of the pending judicial proceeding. The mere fact that the parties were involved in litigation does not mean every subsequent action between them that could result in further litigation relates to or arises out of the judicial proceeding. *See id*., at 728 (stating that the "meaning of 'a judicial proceeding' is an actual, pending judicial proceeding.") *see also Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 286-87 (Tex.App.—Dallas 2015, pet. denied)(employer's statement to former employee that employee was not entitled to workers'

15

compensation for dismissal was made outside of the contested hearing before the Division of Workers' Compensation and therefore did not constitute an exercise of the right to petition). Appellants' email denying the inspection request was not, therefore, a statement made in a judicial proceeding or pertaining to one: it was a denial of a demand for shareholder inspection. Accordingly, the addition of the claim for shareholder inspection to Appellee's Fourth Amended Petition did not violate the TCPA. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.003(a). The trial court did not err in denying Appellants' motion to dismiss the shareholder inspection claim, and Appellants' third issue is overruled.

## Remaining Issues

Because we have concluded that Appellants have not met their burden to show their TCPA motion to dismiss the fraud, statutory fraud, conspiracy, and theft claims was timely filed, and that Appellants' motion to dismiss the shareholder inspection claim was not based on the exercise of the right to petition, we need not address Appellants' contention regarding whether Appellee had established a prima facie case. *See Sutterfield*, 482 S.W.3d at 287 (holding the court of appeals need not address the second prong of the TCPA when the movant fails to meet his burden of proof to show the allegations were based on the exercise of his right to free speech, petition, or association). Accordingly, Issue Two is overruled. Additionally, because we have determined the trial court did not err in denying Appellants' motions to dismiss under the TCPA, Appellants are not entitled to costs, attorney's fees, or expenses, and Issue Four is overruled as well. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.009 (moving party entitled to costs, attorney's fees, and other expenses only if motion to dismiss is granted).

## CONCLUSION

16

Having overruled Issues One through Four, the judgment of the trial court is affirmed.


December 13, 2019

YVONNE T. RODRIGUEZ, Justice

Before Rodriguez, J., Palafox, J., and McClure, Senior Judge
McClure, Senior Judge (Sitting by Assignment)