# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00777-CV

### Susan Clouthier and Clouthier Law, PLLC, Appellants

### v.

### Vernard Brown, Jr., Appellee[1]

#### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
#### NO. D-1-GN-23-003673, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Susan Clouthier and Clouthier Law (collectively Clouthier) appeal the district court's order denying their Texas Citizens Participation Act (TCPA) motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011.  Clouthier contends that: (1) the TCPA applied to the breach-of-contract and breach-of-fiduciary-duty claims filed by pro se appellee Vernard Brown, Jr.; (2) the commercial-speech exemption does not apply; and (3) no prima facie

---

[1] Brown purported to represent himself and his mother, Ernestine Haney.  Although a party may prosecute or defend their own suit pro se, a pro se party may not represent others.  *See* Tex. R. Civ. P. 7; *Champion v. Robinson*, 392 S.W.3d 118, 121 n.1 (Tex. App.—Texarkana 2012, pet. denied).  Clouthier objected to Brown's attempt to represent Haney as the unauthorized practice of law and noted that Haney had not filed a petition.  The district court replied that Haney "made an oral appearance" and allowed her to argue against the TCPA motion.  The district court's order lists Brown and Haney as "Plaintiffs" and recites that "Ernestine Haney appeared in person pro se."  However, pleadings invoke the trial court's jurisdiction to render a judgment, and an order not supported by pleadings is void for lack of jurisdiction.  *In re P.M.G.*, 405 S.W.3d 406, 416-17 (Tex. App.—Texarkana 2013, no pet.); *Hubbard v. Lagow*, 576 S.W.2d 163, 166 (Tex. App.—Austin 1979, writ ref'd n.r.e.).  Because Haney filed no pleadings below and because Brown may not represent her, Haney is not properly before this Court.

case was established for each element of the claims. We will reverse the order denying the TCPA motion and remand this cause for further proceedings.

## BACKGROUND

In October 2020, Brown, a Texas inmate, retained Clouthier to file a motion for certificate of appealability in the Fifth Circuit Court of Appeals after a federal district court denied his habeas application. *See* Fed. R. App. P. 22(b). Because a state prisoner has no absolute entitlement to appeal a district court's denial of his habeas petition, he must obtain a certificate of appealability before an appeal may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citing 28 U.S.C. § 2253). When Brown retained Clouthier, he had a final conviction for continuous sexual abuse of his minor daughter, received a ninety-nine-year-imprisonment sentence, and made several unsuccessful post-conviction filings.[2]

Brown and Clouthier executed a written "Engagement Contract," on December 21, 2020, identifying Brown as the client and Haney as the guarantor of the discounted $15,000 flat fee for Clouthier's services to Brown. Haney was not Clouthier's client or a party to the contract. The contract disclaimed guarantees of any particular result:

---

[2] Before retaining Clouthier, Brown filed an unsuccessful appeal in this Court, an unsuccessful petition for discretionary review in the Court of Criminal Appeals, a pro se state habeas petition that was denied on the merits without a written order, and a pro se federal habeas petition that was also denied. *See Brown v. Davis*, No. A-19-CV-223-LY, 2020 WL 4188600, at *1 (W.D. Tex. July 21, 2020) (recommending against issuance of certificate of appealability and concluding that Brown's habeas corpus petition under 28 U.S.C. § 2254(d) should be denied, and noting that evidence supporting Brown's conviction included jailhouse phone call with his mother); *Ex parte Brown*, No. WR-89,263-01 (Tex. Crim. App. Jan. 16, 2019) (denying Brown's habeas corpus petition without written order); *Brown v. State*, No. 03-16-00011-CR, 2017 WL 876029, at *12 (Tex. App.—Austin Feb. 28, 2017, pet. ref'd) (mem. op., not designated for publication) (affirming Brown's conviction and sentence after rejecting his challenge to sufficiency of evidence supporting conviction and his claim of ineffective assistance of counsel).

> Either at the beginning or during the course of Attorney's representation, Attorney may express Attorney's opinions or beliefs concerning the matter or various courses of action and the results that might be anticipated. Any such statement is intended to be an expression of opinion only, based on information available to Attorney at the time, and must not be construed by you as a promise or guarantee of any particular result. No guarantees are possible in matters such as this.

The contract also contained a merger clause, confirming that the contract was the parties' only agreement: "This Agreement of Engagement constitutes the sole agreement of the parties hereto and supersedes any other understandings or agreements."

Clouthier filed the motion for certificate of appealability in the Fifth Circuit, and afterward, Brown sent a letter to Clouthier that included praise for the motion:

> The motion was excellent! You voiced everything that I would have and then some. There were things that you didn't discuss, but I understand that the motion is merely the mechanism to get the appeal before the Court. The actual appeal brief is w[h]ere the lesser issues I raised would be again a[rg]ued. But the point is that I can see that you understand the things that I am complaining about, and how they would have been exceedingly detrimental to the State's case against me. . . . I have the utmost faith in your skills.

In 2021, the Fifth Circuit issued its order denying Brown's motion for certificate of appealability. *Brown v. Lumpkin*, No. 20-50876, 2021 WL 11097080, at *1 (5th Cir. July 26, 2021).

Almost two years later, on July 12, 2023, Brown, acting pro se, sued Clouthier for breach of contract and breach of fiduciary duty. Clouthier moved to dismiss the lawsuit under the TCPA, contending Brown's claims were based on and in response to the underlying judicial proceeding in the Fifth Circuit and implicated the right to petition. We discuss Clouthier's TCPA motion in greater detail after addressing Brown's live pleading, the first amended petition.

3

**Brown's first amended petition**

After Clouthier filed the TCPA motion to dismiss, Brown amended his pleadings. The first amended petition, filed September 26, 2023, was the live pleading when the district court heard the TCPA motion. This petition omitted an "abandonment" allegation against Clouthier but again alleged causes of action for breach of contract and breach of fiduciary duty. Specifically, Brown alleged that the "contract was based solely on oral promises" about performing certain acts before filing the motion for certificate of appealability, and faulted Clouthier for failing to hire a private investigator to obtain affidavits from missing witnesses and locate the complainant to seek a recantation; file a legally sufficient motion;[3] and communicate adequately about the Fifth Circuit filing. Additionally, Brown alleged that the failure to properly advise him about his case when he asked about taking it to the United States Supreme Court and when review of his case showed that the relitigation bar could not be overcome constituted a fiduciary-duty violation under the Texas Disciplinary Rules of Professional Conduct.

**Clouthier's TCPA motion to dismiss**

Clouthier's TCPA motion to dismiss contended that Brown's claims were based on and in response to the alleged advancement of the wrong arguments in the motion for certificate of appealability filed in the Fifth Circuit and inadequate communication about the

---

[3] Brown alleged that the motion for certificate of appealability should have included certain arguments—that he was denied an evidentiary hearing, that his prior habeas petitions lacked support without a hearing, and that the district court erroneously applied the law to the facts of his case—so he could argue that prior state-court rulings on the merits of his claims did not bar his federal court petition for habeas relief. *See* 28 U.S.C. § 2254(d) (prohibiting federal courts from granting habeas corpus relief to persons in state custody by barring relitigation of any claim adjudicated on the merits in state court, subject only to statutory exceptions in subsections 2254(d)(1)-(2)).

case, which were communications pertaining to the judicial proceeding in which Clouthier was representing Brown. Clouthier also contended that Brown could not establish a prima facie case for his breach-of-contract and breach-of-fiduciary-duty claims because, among other things, Brown failed to identify any contractual obligation breached, Brown could not present evidence of causation, and Haney was not a client or a party to the contract.

On October 12, 2023, the district court commenced, but then granted a continuance of, the TCPA hearing because Brown did not have any sworn testimony showing clear and specific evidence of his cause of action against Clouthier.[4] The hearing was reset for November 6, 2023. Three days before the reset hearing, Brown filed a response.[5] After the parties presented arguments, the district court took the motion under advisement. On November 9, 2023, the district court signed an order "find[ing] that the Texas Citizens Participation Act does not apply in this case" and denying the TCPA motion. Clouthier appealed.

---

[4] During the October 12 TCPA hearing, the district court noted that Brown's response to the TCPA motion was unsworn. Brown made an oral request for a continuance, which the district court granted. *Cf.* Tex. R. Civ. P. 251 ("No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law."). The district court told Brown, "You understand that I'm granting a continuance because you don't have any sworn testimony showing clear and specific evidence of your cause of action against your lawyer or your former lawyer," and "[t]hat's the sole reason the Court is granting the continuance."

[5] During the November 6 TCPA hearing, when counsel for Clouthier renewed a previously filed objection to Brown's untimely response, the district court stated that it had "already give[n] him an excuse for filing late." Counsel for Clouthier acknowledged that the court continued the hearing, essentially to allow time for filing a response, but said that Clouthier was maintaining their objection to the untimely response because "[t]he statute simply doesn't provide for [ ] something like that." The court responded, "Right, and I get that."

## DISCUSSION

Clouthier contends that the district court erred by denying their motion to dismiss under the TCPA. We review a trial court's ruling on a TCPA dismissal motion de novo. *RigUp, Inc. v. Sierra Hamilton, LLC*, 613 S.W.3d 177, 182 (Tex. App.—Austin 2020, no pet.).

### TCPA framework

The TCPA "protects citizens who [associate,] petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018) (quoting *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015)); *see also* Tex. Civ. Prac. & Rem. Code § 27.002 (describing TCPA's purpose). "To effectuate this purpose, the TCPA allows a party to move for expedited dismissal of 'claims brought to intimidate or to silence a defendant's exercise of these First Amendment rights.'" *RigUp*, 613 S.W.3d at 181 (quoting *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam)).

A court undertakes a three-step analysis when reviewing a TCPA motion to dismiss. *Id*. at 181–82. First, the movant bears the initial burden of demonstrating that the nonmovant's "legal action" is "based on or is in response to" the movant's exercise of the right of free speech, petition, or association. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b). A "legal action" includes "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaims or any other judicial pleading or filing that request legal, declaratory, or equitable relief." *Id.* § 27.001(6). If the movant meets their burden of showing that the TCPA applies, then the burden shifts to the nonmovant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the nonmovant satisfies their

6

burden of presenting a prima facie case, then the burden shifts back to the movant "to prove each essential element of a valid defense to the nonmovant's claim by a preponderance of the evidence." *RigUp*, 613 S.W.3d at 181–82 (citing Tex. Civ. Prac. & Rem. Code § 27.005(d)). Non-moving parties may avoid these burden-shifting requirements by showing that a TCPA exemption applies. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018) (noting that if TCPA exemption applies, movant "cannot invoke TCPA's protections"); *see* Tex. Civ. Prac. & Rem. Code § 27.010 (TCPA exemptions).[6]

When ruling on a TCPA motion, the trial court must consider the pleadings, evidence that could be considered at summary judgment, and any supporting and opposing affidavits, in the light most favorable to the nonmovant. Tex. Civ. Prac. & Rem. Code § 27.006(a); *see also RigUp*, 613 S.W.3d at 182. If a legal action is dismissed under the TCPA, the trial court must award court costs and reasonable attorney's fees to the moving party and may award sanctions against the party bringing the legal action that the court determines are sufficient to deter the party from bringing similar actions. Tex. Civ. Prac. & Rem. Code § 27.009(a).

As the movants here, Clouthier must demonstrate that the lawsuit brought against them is "based on or is in response to" their exercise of the right to petition. *See id.* §§ 27.003(a), .005(b)(1)(B). The "exercise of the right to petition" includes "a communication in or pertaining to . . . a judicial proceeding." *Id.* § 27.001(4)(A)(i). "Communication" is defined as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1).

---

[6] The legislature amended this section of the TCPA effective September 1, 2023, but we cite to the version in effect when Brown filed his lawsuit in July 2023. *See* Act of May 27, 2021, 87th Leg., R.S., ch. 915, 2021 Tex. Gen. Laws 4 (amended 2023) (current version at Tex. Civ. Prac. & Rem. Code § 27.010(a)). The commercial-speech exemption in section 27.010(a)(2), which we will discuss here, has not changed since the filing of this lawsuit.

Clouthier contends that the TCPA applies because Brown's lawsuit was "based on or in response to" communications "in or pertaining to" the motion for certificate of appealability to the Fifth Circuit, which was "a judicial proceeding." Clouthier's motion to dismiss identified several communications in Brown's pleadings pertaining to the Fifth Circuit motion:

- On or about December 2020, Susan L. Clouthier did engage in representing the plaintiff Vernard Brown Jr on his Certificate of Appealability in the U.S. Court of Appeal for the 5th Circuit.

- Numerous grounds were listed by Plaintiff Brown in his prior postconviction attacks, in both state and federal courts, the Defendant inadequately addressed these grounds, not arguing at all some and only briefly touching on others.

- [T]he defendant did not raise the prosecutorial misconduct claim, the actual and constructive denial of counsel claims, the conflict of interest claim, and only vaguely addressed the abuse of discretion claim indirectly . . . If Plaintiff Brown's prior attempts to raise these issues were unwieldly, then it was the Defendant [*sic*] job to present them succinctly so as to have the [*sic*] properly considered on the merits. Instead the defendant merely regurgitated Mr. Payan's arguments on direct appeal.

- Her failure to raise these meritorious grounds as Plaintiff did in his writs and to effectively argue them, with supporting evidence, lead to the (COA) [certificate of appealability] brief being denied.

- The Defendant only outlined what the law is, but not how the district courts' application of the law to a[n] incomplete record of facts meets the standard for COA. This caused Plaintiff Brown to lose the opportunity to have his claim address [*sic*] on the merits. The Defendant's failure to properly argue the relitigation bar and for [an] evidentiary hearing in a vigorous and thorough manner is a failure of her duty as well to represent Plaintiff Brown zealously.

- The Defendant filed to withdraw from representing Plaintiff Brown on July 3, 2020.

- Because [*sic*] the Defendants['] broken promises, failures, lack of adequate communication and erroneous advice, Plaintiff Brown has lost the opportunity to have an evidentiary hearing to put in the record evidence to establish his actual innocence in the U.S. Dist. Court. He has been denied the opportunity to present his claims to the highest court in this country. . . . Ms. Haney has lost $15,500 believing the Defendant would do those things agreed upon and advocate effectively and vigorously for her son. Only to learn that she wasted money on a lawyer that does not keep the promises made as a condition of the contract.

8

Brown denies that his lawsuit was based on any statements Clouthier made and instead asserts that his lawsuit was based on the Fifth Circuit's opinion:

> The underlying suit is not "in response to" or "based on" any affirmative statement/communication the Appellants [made] to the 5th Cir. Rather, the suit is "in response to" and "based on" the 5th Cir.'s finding that the motion and brief failed to meet the legal thresh[]old required to even be reviewed on the merits. Therefore, the statement in question is not in fact Appellants,' but the 5th Cir.'s.

Similarly, Brown's declaration provided in response to the TCPA motion states, "I am not suing the Defendants about any communication actually made on my behalf. My claim is about the Defendants' failure to communicate, omissions, and inactions prior to filing the motion and brief, and failure to file a brief that would be legally sufficient."

Brown's characterization of his claims as something other than communication—such as his allegations that Clouthier did not "properly argue" or "adequately address" his preferred grounds in the motion for certificate of appealability—is not due to an absence of communication but a criticism of the communication that did occur and pertained to the judicial proceeding in the Fifth Circuit. *See* Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i); *Bennett v. Smith*, No. 14-22-00305-CV, 2023 WL 4883335, at *4 (Tex. App.—Houston [14th Dist.] Aug. 1, 2023, no pet.) (mem. op.) (applying this Court's precedent when concluding that failure-to-communicate allegation, based on brief's failure to address evidence excluded in trial court, was in substance criticism of attorney's communication in judicial proceeding). Likewise, Brown's allegation that Clouthier failed to hire a private investigator to obtain affidavits from missing witnesses and locate the complainant to seek a recantation was about including the results of such investigation in the Fifth Circuit motion.

Our review of the pleadings shows that Brown's lawsuit against Clouthier was "based on or in response to" communications "in or pertaining to" the motion for certificate of appealability in the Fifth Circuit, thereby implicating the "exercise of the right to petition." *See* Tex. Civ. Prac. & Rem. Code §§ 27.003(a), .005(b)(1)(B). Thus, we proceed to consider Clouthier's contention that Brown failed to meet his burden of showing that the commercial-speech exemption applies. *See Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018) (noting that commercial-speech exemption is wholly unnecessary unless TCPA applies).

**Commercial-speech exemption**

The commercial-speech exemption of the TCPA expressly excludes legal actions "brought against a person primarily engaged in the business of selling . . . services, if the statement or conduct arises out of the sale . . . of . . . services, . . . or a commercial transaction in which the intended audience is an actual or potential buyer or customer." Tex. Civ. Prac. & Rem. Code § 27.010(a)(2). The commercial-speech exemption, in relevant part, applies when:

> (1) the defendant was primarily engaged in the business of selling . . . services;
>
> (2) the defendant made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller . . . of those . . . services,
>
> (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of . . . services the defendant provides, and
>
> (4) the intended audience of the statement or conduct were actual or potential customers of the defendant for the kind of . . . services the defendant provides.

10

*Castleman*, 546 S.W.3d at 688. The burden of establishing the commercial-speech exemption is on the nonmovant, the party relying on the exemption. *RigUp*, 613 S.W.3d at 187; *see Pena v. Perel*, 417 S.W.3d 552, 555 (Tex. App.—El Paso 2013, no pet.) ("The burden of proving the applicability of an exemption under Section 27.010 is on the party asserting it."). We consider the pleadings and record evidence to determine whether a party has met its burden on the exemption's elements. *Jones-Hospod v. Maples*, No. 03-20-00407-CV, 2021 WL 3883884, at *3 (Tex. App. Aug. 31, 2021, pet. denied) (mem. op.). Because a claim falls within the commercial-speech exemption only when all four elements are satisfied, failure to establish any one element is sufficient to prevent applicability of the exemption. *RigUp*, 613 S.W.3d at 187.

Deciding whether the commercial-speech exemption applies requires us to determine what "statement[s] or conduct are at issue." *Castleman*, 546 S.W.3d at 688; *Jones-Hospod*, 2021 WL 3883884, at *4. Brown's appellate brief and his response to the TCPA motion below contend broadly that "the Defendants' communications during the period prior to the execution of the contract [i.e., between October and December 2020] are covered by the 'commercial-speech' exemption," but he fails to identify those communications.

We look to the factual allegations in the petition to discern the nature of the legal action. *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (stating that plaintiff's petition is "the best and all-sufficient evidence of the nature of the action"). Brown's live pleading alleged that his breach-of-contract and breach-of-fiduciary-duty claims are based on Clouthier's not hiring a private investigator or filing a legally sufficient motion and inadequately communicating about the Fifth Circuit filing. He also alleged that Clouthier's failure to properly advise him about his case constituted a fiduciary-duty violation. Based on this pleading, we conclude that the nature of Brown's legal action arose from Clouthier's representation of him and her

11

preparation and presentation of the motion for certificate of appealability, rather than any initial communications between them. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018) ("The unique language of the TCPA directs courts to decide its applicability based on a holistic review of the pleadings."); *Hersh*, 526 S.W.3d at 467 ("The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations."); *Jones-Hospod*, 2021 WL 3883884, at *4. Notably, Brown expressed only praise for the motion as filed and confidence in Clouthier's skills until after the Fifth Circuit issued its order.

Regarding the first two elements of the commercial-speech exemption, Clouthier does not dispute that they are engaged in the business of selling legal services and that representation of Brown was undertaken in their capacity as a seller of legal services. But Clouthier contends that Brown cannot establish the last two elements of the commercial-speech exemption because whatever statements were or were not included in the Fifth Circuit filing did not involve the selling of Clouthier's services and because the intended audience of the statements was not an actual or potential customer for legal services, but the Fifth Circuit. We address only the fourth element of the commercial-speech exemption because it is dispositive. *See* Tex. R. App. P. 47.1.

The "intended audience" of Clouthier's representation of Brown and of the statements presented in the motion for certificate of appealability was the Fifth Circuit. *See* Tex. Civ. Prac. & Rem. Code § 27.010(a)(2). The Fifth Circuit is not an "actual or potential" customer of Clouthier's legal services. *See id.*; *see also Castleman*, 546 S.W.3d at 689-90 (holding that exemption applies only to "commercial speech which does 'no more than propose a commercial transaction'" (quoting *Posadas de P.R. Assocs. v. Tourism Co. of P.R.*, 478 U.S.

12

328, 340 (1986)); *Jones-Hospod*, 2021 WL 3883884, at *5 (concluding that intended audience of lawyer's representation of plaintiff in lawsuit and any alleged disclosure of privileged statements was Williamson County District Court, which was neither actual nor potential customer for lawyer's legal services). Thus, we conclude that Brown failed to establish the applicability of the commercial-speech exemption to his claims. *See Schimmel v. McGregor*, 438 S.W.3d 847, 858 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (concluding that nonmovant failed to establish commercial-speech exemption's applicability because intended audience for movant's statements was not actual or potential buyer or customer of movant's legal services); *Pena*, 417 S.W.3d at 555 (same); *Jones-Hospod*, 2021 WL 3883884, at *5 (same).

**Prima facie case for breach-of-contract and breach-of-fiduciary-duty claims**

Having concluded that the TCPA applies to Brown's legal action against Clouthier and that the commercial-speech exemption does not apply, we next consider whether Brown established by clear and specific evidence a prima facie case for each essential element of his claims for breach of contract and breach of fiduciary duty. *See* Tex. Civ. Prac. & Rem. Code § 27.005(c). A breach-of-contract claim requires proof of (1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) plaintiff sustaining damages as a result of the breach. *S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). Brown alleged that the "contract was based solely on oral promises" about performing certain acts before filing the motion for certificate of appealability. That pleading allegation is disproven by the record containing the parties' written contract. And when, as here, a contract contains a merger clause, "the parties' execution of a written agreement presumes that all prior negotiations and agreements relating to the transaction have been merged

13

into the contract, and it will be enforced as written and cannot be added to, varied, or contradicted by parol evidence." *Barker v. Roelke*, 105 S.W.3d 75, 83 (Tex. App.—Eastland 2003, pet. denied). Brown cannot establish a prima facie case for his breach-of-contract claim because he failed to identify any provision of the written contract that Clouthier breached.

The breach-of-fiduciary-duty claim as pleaded is also deficient. A breach-of-fiduciary-duty claim, in this context, requires proof of the existence of a fiduciary relationship and a breach of that duty by the attorney defendant that causes damage to the plaintiff. *Beck v. Law Offs. of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 429 (Tex. App.—Austin 2009, no pet.). The alleged breach must involve the lawyer's receipt of an improper benefit rather than improper legal representation or bad legal advice. *Brickley v. Reed*, No. 03-22-00453-CV, 2023 WL 2376127, at *3 (Tex. App.—Austin Mar. 7, 2023, no pet.) (mem. op.). "An attorney breaches his fiduciary duty when he benefits improperly from the attorney-client relationship by, among other things, subordinating his client's interest to his own, retaining the client's funds, engaging in self-dealing, improperly using client confidences, failing to disclose conflicts of interest, or making misrepresentations to achieve these ends." *Gibson v. Ellis*, 126 S.W.3d 324, 330 (Tex. App.—Dallas 2004, no pet.). Here, Brown's breach-of-fiduciary-duty claim alleged that Clouthier failed to properly advise him about his case when he asked about taking it to the United States Supreme Court and when review of his case showed that the relitigation bar could not be overcome. Brown cannot establish a prima facie case for his breach-of-fiduciary-duty claim because he made no allegation that Susan Clouthier benefited improperly from the attorney-client relationship with him.

In sum, we conclude that (1) the TCPA applied to Brown's legal action against Clouthier; (2) the commercial-speech exemption did not apply, and (3) Brown failed to establish

14

a prima facie case for his breach-of-contract and breach-of-fiduciary-duty claims against Clouthier. Thus, Clouthier was entitled to dismissal of Brown's legal action under the TCPA, and the district court's denial of the TCPA motion was error. We sustain Clouthier's three appellate issues.

## CONCLUSION

We reverse the district court's order denying Clouthier's Motion to Dismiss Under the Texas Citizens Participation Act and remand this cause for further proceedings consistent with this opinion. *See* Tex. Civ. Prac. & Rem. Code § 27.009.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Reversed and Remanded

Filed: August 30, 2024